Whbbles, J.
The questions presented by the record, which it is deemed material to consider, relate to tiie rulings of the court—
1st. Upon tiie admissibility of evidence.
2d. In instructions to tiie jury.
In support of tiie ruling of "the court, refusing to permit the defendant to prove that before instituting the prosecution lie took tiie advice of counsel, wo are referred to the opinion of tills court in the case of Collard v. Gay. (1 Tex. R., 494.) In that ease it did not appear that tiie opinion of counsel was taken upon a true or, indeed, any statement of tiie facts. Tiie question was, whether it was competent for the defendant to prove that before commencing the prosecution he liad taken the advice of an attorney. It was not proposed to prove that the advice had been given upon information of the facts; and tiie court hold that the evidence was not admissible. No briefs were furnished or authorities cited by counsel, nor was the case argued at the bí.r. Tiie question, whether evidence that the defendant had acted under the advise of counsel, given upon information of the facts, was admissible to repel tiie imputation of malice, does not appear to have been distinctly presenceu or considered, and we do not think the decision ought, under the circumstances, to lie held to have concluded that question. If an authority were necessary, we have that of the Supreme Court of tiie United States, for holding a question, ■decided without argument, open for consideration. (14 Pet. R., 607, and cases cited.)
“The defendant (says Starkie) may give in evidence any facts which show that lie had probable cause for prosecuting, and that lie acted bona fide upon that ground of suspicion. It is no answer to tiie action (he adds) that the defendant acted upon the opinion of counsel, if tiie statement of facts upon which the opinion was founded was incorrect, or the opinion itself unwarranted. (2 Stark. Ev., 495, 5th Am. cd.) But tiie inference deducidle from this extract is, that if the statement of facts, on which the opinion of counsel was founded, he correct, that the defendant acted upon it may he a defense to the actiou. Accordingly, in further treating of the subject, lie says: “It is •competent to the defendant, for the purpose of rebutting tiie inference of malice, to show that he acted upon professional advice, although it was unfounded in law.” (Id., 499.)
Mr. Greenleaf. in his treatise on the Law of Evidence, says : “How far tiie .advice of counsel may go to establish tiie fact of probable cause for the prosecution, is a point upon which there has been some diversity of opinion. It is agreed that, if a full and correct statement of tiie ease has been submitted to legal counsel, the advice thereupon given furnishes sufficient probable cause for proceeding accordingly. But whether the party’s omission to state to his counsel a fact well known, but honestly supposed not to be material, or his omission, through ignorance, to state a material fact which actually existed, will render the advice of counsel unavailable to him as evidence of probable cause, does not appear to have been expressly decided. The rule, however, as recognized in a recent American case, seems broad enough to protect any party acting in good faith and without gross negligence. Eor it is laid clown that if ‘ *306 a party ‘did not withhold any information from his counsel, with the-intent to procure an opinion that might operate to shelter and protect hinu against a suit, but, on the contrary, if he, being doubtful of his legal rights, consulted learned counsel with a view to ascertain them, and afterwards pursued the course pointed out by his legal adviser, he is not liable to this action,, notwithstanding his counsel may have mistaken the law.’ ” (Stone v. Swift,. 4 Pick. R., 393; 2 Greenl. Ev., sec. 459.) It is remarked, however, that in this case no question was made whether any material fact had been omitted. (Id., n.)
Mr. Phillips, in his treatise, referring to authorities also referred to by Mr. Starkie and Professor Greeuleaf, thus states the rule: “ It is competent for the defendant to show that he acted bona fide upon the opinion of a professional adviser, although it may be erroneous, provided it has been given upon, a full and correct statement of facts.” (3 Phil. Ev., 262, 3d ed.)
The law was thus stated bjr Chief Justice Shaw in Wills v. Noyes : “ Such advice, given upon a case truly stated, and the advice honestly pursued, though iucorrect, will rebut such presumption, and constitute a good protection for-the client. But even legal advice, if used only as a cover and not acted upon in good faith, if it does not induce an honest belief that the party has probable cause, will not screen him from the consequences of prosecuting an entirely groundless suit.” (12 Pick. R., 327, 328.) It was the opinion of Mr. Justice Story, in Blunt v. Little (3 Mason C. C. R., 102) that it is a necessary qualification of the admission of such evidence “that it should appear in proof that the opinion of counsel is fairly asked upon the real facts, and not upon statements which conceal the truth or misrepresent the cause of action.” (Id., 105.) It was also his opinion, expressed in that case, that evidence iliat the defendant acted under the advice of counsel, given upon a deliberate examination of the facts, is admissible for the purpose of repelling the imputation of malice and', establishing probable cause. (Id.)
Such, indeed, appears to be the well-settled law. In order to show that in originating the prosecution he was not actuated by malice, the defendant must be permitted to prove that he took the opinion of counsel whether the facts of the case would support a prosecution. Evidence that he acted under such advice, fairly obtained, upon the information of the real facts of the case, is certainly admissible. On this question there does not appear even-to have been any diversity of opinion. The admission of such evidence, with the qualification expressed in the extract we have given from the opinion of Mr. Justice Story, cannot, it is conceived, operate an injustice to the plaintiff, while it appears to be a just if not even a necessary protection to the defendant, dictated alike by considerations of public policy and justice to individuals.
It is, however, insisted on behalf of the appellee, that the evidence was rightly excluded in the present case, for the reason that it was not admissible under the general denial, and for the further reason that it does not appear that the defendant proposed to prove that the advice of counsel w-as taken upon information of the facts.
It is incumbent on the plaintiff in this action to allege the want of probable cause and malice. The denial of these averments puts in issue the existence of the facts. It further devolves on the plaintiff to prove the truth of his-averments. And when the issue has been thus formed, and the proofs adduced by the plaintiff which conduce to establish the issue on his side, no reason is-perceived why the defendant may not maintain his s-ide of the issue by the-proof of any facts which go to rebut or repel the evidence introduced by the-plaintiff'without specially pleading them. In principle, there can be no reason for requiring the defendant to plead specially facts which amount to no more than a denial of the plaintiff’s averments, or facts which it will only become material for the defendant to prove, for the purpose of rebutting or repelling-the evidence introduced by the plaintiff. The burden of proof was with the plaintiff, under the issue, and it was, we think, competent for the de *307 fendant, under the general denial, to introduce any rebutting evidence, or evidence which went directly to disprove tiie plaintiff’s averments. AViiere it is proposed to disprove tiie plaintiff’s ca=e by proving independent facts, from which the conclusion adverse to the plaintiff is to be deduced inferentially, it may, in general, be necessary for the defendant to plead specially such independent facts. He cannot, however, on general principles, be required to plead that which is but evidence of a material, issuable fact.
It is difficult to lay down general rules which will be susceptible of convenient and certain application in each case. And there would be less difficulty in determining upon the admissibility of the evidence in this case, had tiie defendant pleaded specially. We are of opinion, however, that under the general denial any evidence was admissible which was competent to prove probable cause and to repel the imputation of malice; and consequently that tiie evidence in question was admissible for that purpose, though not made the subject of special pica. I-t does not appear from tiie bill of exceptions on what ground tiie court rejected the evidence. It may have been upon the ground that it was not proposed to prove that the advice of counsel was obtained upon information of the facts. But, from tiie manner in which the point is presented in the record, it appears probable that it was upon the broader ground that such evidence was in no case admissible. If so, the ruling was erroneous.
It will, however, suffice to have stated the general principles of the law applicable to this subject, for the direction of the parties in the future conduct of tiie cause, without dwelling to inquire whether the court made a right application of them in this case, as, in tiie view we entertain of other questions in the case, tiie decision of this is not necessary to its disposition.
It remains to consider the instructions to the jury.
In respect to what would be a valid contract of sale to pass the right of property and possession to the purchaser, the instructions given were substantially correct. As between tiie parties, actual delivery is not essential to tiie validity of a sale. Upon the completion of the contract the sale is complete, and tiie right of property and of possession vest in the purchaser, upon payment of tiie price and delivery of a bill of sale. Nor will it affect the validity of the sale, as between the parties, that the possession remains with the vendor, if it be consistent with the terms of the contract.
The contract, however, may be void for fraud; as, if the vendor was induced to make the sale by misrepresentations made to him by the purchaser in respect to material facts peculiarly within his knowledge, by which tiie seller was deceived to his injury. In that case the title would not pass to the purchaser.
In respect to probable cause and malice, the instructions assert, in effect, these propositions:
1st. That want, of probable cause and malice must be proved by the plaintiff-
id. That a verdict of “ not guilty,” and the discharge of tiie defendant from prosecution, raises tiie presumption of the want of probable cause.
3d. That tiie want of probable cause raises the presumption of malice.
If these several propositions were correct it would only be necessary for the plaintiff to prove his acquittal of the charge on which lie had been prosecuted. That would be sufficient to make out his case. The rest would be supplied by legal presumptions.
Tiie instructions afford an instance of the petitio principii. The first is unquestionably correct, hut neither of the others, it is conceived, is so. Professor Greenleaf, with his characteristic succinctness and accuracy, thus states wiiat the plaintiff must prove to maintain this action :
“To maintain an action for this injury, the plaintiff must prove (1) that he has been prosecuted by tiie defendant, either criminally or in a civil suit, and that the prosecution is at an end; (2) that it was instituted maliciously and without probable cause; (3) that he has thereby sustained damage.” (2 Greenl. Ev., sec. 449.)
*308 “■The plaintiff must show that the prosecution was instituted maliciously and without probable cause 5 and both these must concur. If it were malicious and unfounded, but there was probable cause for the prosecution, this action cannot be maintained. The question of malice is for the jury; and to sustain this averment the charge must be shown to have been wilfully false. I11 a legal sense, any unlawful act, done wilfully and purposely, to the injury of another, is, as against that person, malicious.” * * * “ The proof of malice need not be direct; it may be inferred from/circumstances; but it is not to be inferred from the mere fact of the plaintiff’s acquittal for the want of the prosecutor’s appearance when called.” (Id., sec. 453.)
“The waut of probable canséis a material averment, and though negative in its form and character, it must be proved by the plaintiff by some affirmative evidence, unless the defendant dispenses with this proof, by pleading singly the truth of the facts involved in the prosecution. It is independent of malicious motive, and cannot be inferred, as a necessary consequence, from any degree of malice which may be shown.” (Id., sec. 454.)
'“The discharge of the plaintiff by the examining magistrate is prima facie evidence of the want of pr.obable cause, sufficient to throw upon the defendant the burden of proving the, contrary. But in ordinary cases it will not be sufficient to show that the plaintiff was acquitted of an indictment by reason of the non-appearance of the defendant, who was the prosecutor; nor that the defendant, after instituting a prosecution, did not proceed with it; nor that t-ho grand jury returned the'"bill “ not found.’ ” (Id., sec. 455; 2 Stark. Ev., 494; 3 Phil). Ev., 250, and cases cited.)
To maintain the action, therefore, it was incumbent on the plaintiff to prove both the want of probable cause and malice. neither alone is, in general, sufficient. (2 Stark. Ev., 492, (5 Am. ed..) n. 2.) Though there was no probable cause, yet if the defendant was not actuated by malice, but acted under an honest belief that there was probable cause for instituting the prosecution, after having taken proper and reasonable precaution to obtain accurate information on tile subject as to the law and facts, he cauuot be made liable in this action.
The defendant’s acquittal did not raise, the presumption of the want of probable cause, nor did (lie law presume malice from the want of probable cause. Malice may be inferred from the want of probable canse, where there are no circumstances to rebut U10 presumption that malice alone could have suggested the prosecution; and it may be inferred where the defendant’s conduct will admit of no other interpretation except by presuming gross ignorance. (3 Phill. Ev., 257.) In the language of Chief Justice Shaw, in a ease before, cited, “ the groundlessness of the prosecution may, in many instances, be so obvious and palpable that the existence of malice may be inferred from it.” (12 Pick. R., 320.) But malice is in no case a legal presumption, or to be inferred as a necessary consequence of the want of probable cause.
“I have always understood,” (said Parke, J., in Mitchell v. Jenkins, 5 B. & Ad., 588, 594,) “that no point of law was more clearly settled than that, in every action 'for a malicious prosecution or arrest, the plaintiff must prove what is averred in the declarations, viz, that the prosecution or arrest, was malicious, and without probable cause; if there bo reasonable or probable cause no malice, however distinctly proved, will make the defendant liable; but when there is no reasonable or probable cause, it is for the jury to infer malice from the facts proved. That is a question, in all cases, for their consideration.”
In refusing the instruction asked by the defendant, the court, in effect, ruled that the jury were “ bound,” that is, obliged to find the prosecution malicious, if they believed it to have been without probable cause. Whereas tire law is, (hat neither is the waut of probable cause to be inferred, as a necessary •consequence, from the most express malice, (3 Phill. Ev., 256,) nor is malice to be inferred, as a necessary consequence, from the clearest proof of the want ol probable canse.
Note 90. — McNeese 1?. Herring, 8 T., 151; Hitson v. Forrest, 12 T., 820.
Because, therefore, the court erred in the instructions to the jury, the judgment is reversed and the cause remanded for further proceedings.
Judgment reversed.