### THOMPSON & OLMSTEDE v. W. A. BELL.

#### No. 891.

1. **Attachment—Malice of Agent.**

Where there is an entire absence of evidence that plaintiffs participated in the malice of their agent in suing out an attachment, or afterwards approved and ratified it, the court is not warranted in submitting to the jury the issue as to their liability for exemplary damages on account thereof.

2. **Same—Malice an Inference of Fact.**

Malice is not an inference of law from the want of probable cause, but a mere inference of fact which the jury may or may not draw, according to the facts and circumstances of the case.

APPEAL from Trinity. Tried below before Hon. J. M. SMITHER.

*Nunn & Nunn*, and *H. L. Robb*, for appellants.—The court erred in its charge on the law as to exemplary damages, because there was not sufficient evidence to raise such issue. Railway v. Gordon, 70 Texas, 89; Weaver v. Ashcroft, 50 Texas, 441; Railway v. James Weeks, 62 Texas, 238; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 416; Culbertson v. Cabeen, 29 Texas, 256; Stansell & Younger v. Cleveland, 64 Texas, 663; Railway v. Telegraph Co., 69 Texas, 281; Wallace v. Finberg, 46 Texas, 50; Heidenheimer v. Lides, 67 Texas, 35.

*J. P. Stevenson, B. F. Bean, G. C. Clegg* and *T. H. Ball*, for appellee.—Appellants, having given their agent carte blanche to proceed in the collection of the debt as if it were his own, were responsible for the malicious, vexatious, grossly negligent, or oppressive acts of their agent, and the record does not show any desire or effort on their part to repudiate said acts. Tynberg v. Cohen, 76 Texas, 416; Jacobs v. Crum, 62 Texas, 401; Carothers v. McIlhenny, 63 Texas, 138; Woods v. Huffman, 64 Texas, 98; Lock v. Pollard, 1 Ct. App. C. C., sec. 117; Brown v. Bridges, 70 Texas, 665; Willis & Bro. v. McNeil, 57 Texas, 466; Drake on Attach. (7th ed.), secs. 727, 732a, 742a.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was for the recovery of damages by appellee, for the alleged wrongful suing out and levy of an attachment, issued by a justice of the peace, for a debt of $95. The attachment was levied on property, the value of which was esti-

mated to be from $1300 to $1400; on the day after that attachment was levied by appellants, several other creditors sued out and levied attachments upon same property, and within the next two or three days, still other creditors levied attachments upon same property. The appellants' attachment was levied about the hour of 10 o'clock p. m. The levy was upon a stock of drugs; and the drugs, and the house in which they were found when levied on, were in the possession of the officer making the levy for about 45 days; and during that time the appellee settled with all the attaching creditors save the appellants, and by giving a replevy bond, he recovered possession of the property. All of the attachments equaled in value the property attached. Upon trial of the cause, appellee recovered judgment for actual damages for $141, and for exemplary damages, $1000. Over objections of appellants appellee was permitted to remit one hundred of the one hundred and forty-one dollars, actual damages. Various assignments of error are made by appellants, and nine of the assignments are excepted to by appellee on the ground that they are not made in conformity with the rules of court, and this objection to several of the assignments is well taken. The sixth assignment of error is in these words: "The court erred in its charge on law as to exemplary damages, because there was not sufficient evidence to raise such issue." This assignment is, in our opinion, well taken, and for the error of the court in submitting the issue of exemplary damages, the judgment is reversed, and the cause remanded. The appellants are and were residents of Galveston, and the attachment was sued out and levied in Trinity County, by a resident of that county, the agent and attorney in fact of appellants, for the collection of the debt due them from appellee. If it be conceded that their agent was actuated by malice in suing out and levying the attachment, a question which is disputed and about which we express no opinion, there is, as we think, an entire absence of evidence that appellants either participated in his malice, or that with knowledge of his malice, acquired since the levy of the attachment, they have approved or ratified it. Wallace v. Finberg, 46 Texas, 35; Id., 272; and 57 Texas, 465. There are other defects in the charge, some of which are assigned, and some are not.

The jury are instructed, in one section of the charge, that if there was a want of probable cause for suing out an attachment, then the law implies malice. This is not the law. Malice is not an inference of law from the want of probable cause; but is a mere inference of fact, which the jury may, or may not draw, according to the facts and circumstances of the case. Griffin v. Chubb, 7 Texas, 603; Willis v. McNeill, 57 Texas, 465.

For the error of submitting the issue of malice to the jury, in the absence of evidence to sustain the charge of malice against the appellant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 27, 1895.