R. F. Scott Grocer Co. et al. v. S. W. Kelly.

Decided June 10, 1896.

1. **Damages—Attachment—Injury to Credit.**

A merchant who has mortgaged and delivered possession of his entire stock of merchandise to a trustee to be sold for the benefit of creditors and has voluntarily gone out of business, cannot recover damages against an attaching creditor for loss of credit and standing as a merchant. Injury to a business intended at some other time to be resumed is too remote.

2. **Damages—Sale of Leasehold Interest.**

Attachment and sale of plaintiff's interest in property held by him under lease may be ground for damages by depriving him of his property, though the sale without the consent of the landlord passed no title to the purchaser.

3. **Damages—Attached Property—Purchase by Defendant in Attachment.**

The fact that defendant in attachment bought in the goods at a sale thereunder at a less price than the alleged value sought to be recovered by him from the attaching creditor as damages may be received in mitigation of such damages, and a demurrer to pleading setting up such purchase was improperly sustained.

4. **Malicious Attachment—Damages—Advice of Counsel.**

On the issue of malicious suing out of an attachment, advice of counsel that attachment was proper, given in good faith on a full presentation of the facts, may be considered.

Appeal from the District Court of Lamar County. Tried below before Hon. E. D. McClellan.

*H. D. McDonald*, for appellants.—Plaintiff's petition and all the testimony showing that plaintiff voluntarily turned over all his stock in trade to a trustee for the benefit of his creditors, and thereupon, and before the attachment was issued, ceased to do business as a merchant, he had no reputation that could be injured by the attachment, and the damages claimed therefor were too remote and speculative. Hunt v. Kellum, 59 Texas, 535; Roby v. Meyer, 84 Texas, 386.

In Texas a leasehold interest cannot be sold under execution nor attached, and hence an attempted attachment thereof would work no injury to the owner and would give no claim for damages. Moser v. Tucker, 87 Texas, 94.

The court erred in sustaining plaintiff's special exception to all that part of defendants' answer setttng up that plaintiff bought the goods at sheriff's sale, and pleading that fact in mitigation of damages. 1 Sutherland on Dam., 239; Sedgwick on Dam., 582, 640; 7 Wait's Ac. and Def. 334-5; 15 Am. & Eng. Ency. of Law, 688; Forsythe v. Palmer, 14 Pa. St., 96; s. c. 53 Am. Dec., 519; Baker v. Freeman, 9 Wend., 36; s. c. 24 Am. Dec., 117; Baldwin v. Porter, 12 Conn., 485; Clark v. Hallock, 16 Wend., 609; Butler v. Miller 1 Den., 413; Ford v. Williams, 24 N. Y., 366; Vedder v. Van Buren, 14 Hun., 251; McInroy v. Dyer, 47 Pa. St., 122; Sprague v. Brown, 40 Wis., 620; Bassett v. Salisbury, etc., Co., 28 N. H., 438; Pierce v. Benjamin, 14 Pick., 356; s. c. 25 Am. Dec., 396; Wheelock v. Wheelwright, 5 Mass., 104;

Caldwell v. Eaton, Id., 399; Prescott v. Wright, 6 Id., 20; Squire v. Hollenbeck, 9 Pick., 551; s. c. 20 Am. Dec., 506; Sheldon v. Sheldon, 13 Johns., 220; Cutting v. Railway Co., 13 Allen, 388; Perry v. Chandler, 2 Cush., 242; King v. Banks, 120 Mass., 515; Bartlett v. Kidder, 14 Gray, 452; Case v. Babbitt, 16 Id., 279; Caswell v. Howard, 16 Pick., 567; Gibbs v. Chase, 10 Mass., 130; Reynolds v. Shuler, 5 Cow. (N. Y.), 323; Doolittle v. McCullough, 7 Ohio St., 299; Worman v. Kramer, 73 Pa. St., 378; Hopple v. Higbee, 23 N. J. L., 342; Morrison v. Crawford, 7 Ore., 474; Brink v. Freoff, 40 Mich., 610; Irish v. Cloyes, 8. Vt., 30; s. c. 30 Am. Dec., 446; Murray v. Burling, 10 Johns., 175; Hurlburt v. Green, 41 Vt., 490; Kaley v. Shed, 10 Met., 317; Leonard v. Maginnis, 34 Minn., 506; Dailey v. Crowley, 5 Lans., 301; Perkins v. Freeman, 26 Ill., 477; Cook v. Loomis, 26 Conn., 483; Hepburn v. Sewell, 5 Har. and J., 211; Ewing v. Blount, 20 Ala., 694; Merrill v. How, 24 Me., 126.

The court erred in admitting in evidence the alleged chattel mortgage executed by plaintiff, over defendant's objection, because the provision therein requiring that the trustee should sell at retail sale at cost and carriage, with ten per cent until one-half of the goods are disposed of, or the whole stock in bulk when he could find a purchaser who would pay cost and carriage therefor, the insolvency of plaintiff at the time he executed the same, the value of the property therein conveyed and the amount of debts therein secured rendered said instrument null and void. As to the objectionable clause in the mortgage, see Gallagher v. Goldfrank, 75 Texas, 562; Gregg v. Cleveland, 82 Texas, 187. That the existence of a surplus renders such a mortgage void as to creditors where the mortgagor is insolvent, see Marshall v. Bank of California, 1 Texas Civ. App., 704; Hat Co. v. Weaver, 4 Texas Civ. App., 594.

The court erred in that portion of its charge stating that the creation of the new debt of $350 by plaintiff to his wife would not render the trust deed fraudulent, if as a consideration for said debt his wife joined him in a mortgage on her separate property of value equal to or greater than $350 to secure defendants' debts.

The court erred in refusing to give special charge No. 2, asked by defendants, which was as follows: "If you believe from the evidence that plaintiff, at or about the time of making the chattel mortgage, incurred a new debt to his wife in order to induce her to join him in a mortgage on her land, and that such new debt amounted to more than his creditors could have realized out of said land by legal proceedings, and, in consideration of her doing so, agreed to and did make her a preferred creditor in such chattel mortgage, then that would be such a fraud on his creditors as would render the chattel mortgage void, and if you so believe, you will find for defendants."

The court erred in refusing to give special charge No. 3, asked by defendants, which is as follows: "If you believe from the evidence that the act of Kelly in creating a new debt of $350 to his wife and preferring her in his chattel mortgage operated under the circumstances in any

manner to the prejudice of the creditors, then that would justify defendants in suing out the attachment, and if you so believe, you will find for defendants." Gallagher v. Goldfrank, 75 Texas, 562.

The court erred in that portion of its charge defining insolvency, thereby giving an erroneous definition of that term. (The court instructed the jury that if plaintiff, when he executed the mortgage, had sufficient property subject to legal process and not exempt from forced sale by law to bring enough to pay all of his debts of every kind, then he was solvent; if not, then he was insolvent.) The court erred in refusing to give special charge No. 5, asked by defendants, which is as follows: The term "insolvent," or "insolvency," as used in the charge, means inability to pay one's debts as they become due. Burrill on Assignments, sec. 62, et seq.; Langham v. Lanier, 26 S. W. Rep., 255; Savery v. Spaulding, 8 Iowa, 239.

The court erred in refusing to give special charge No. 1, asked by defendants, which is as follows: "If you believe from the evidence that plaintiff was insolvent at the time he executed the chattel mortgage, and that more property was conveyed by said mortgage than was necessary to satisfy all the genuine debts therein mentioned, not counting the debt to defendant Grocer Company, then you will find for defendants." Wallace v. Bagley, 6 Texas Civ. App., 484.

Laying all the facts of a case before counsel fairly, and in good faith seeking and following legal advice as to the propriety of suing out an attachment, is proper to be considered by the jury, both in rebutting any inference of malice and in mitigation of damages, and the court should so instruct the jury; otherwise, they are not likely to know that they have a right to consider such facts for such purposes. Griffin v. Chubb, 7 Texas, 603; 1 Sutherland on Damages, 154.

The court erred in refusing to give special charge No. 9, asked by defendants, which is as follows: If the chattel mortgage given by plaintiff was for any reason void, then the attachment was rightfully sued out and plaintiff is not entitled to recover anything. It is not necessary that plaintiff should have intended to defraud his creditors in order to render the chattel mortgage void. The statute makes void all conveyances made with intent to "delay, hinder, or defraud." Bump., Fraud. Con. (3d ed.), 19, 20, 21.

The court erred in refusing to give special charge No. 10, asked by defendants, which is as follows: There being no evidence in this case to justify a finding for vindictive damages, you will not consider that question in your deliberations. Culbertson v. Cabeen, 29 Texas, 247.

*Hill & Birmingham* and *Hale & Hale*, for appellee.—When appellee was solvent and had ample means outside of his stock of goods with which to pay off his debts and his stock of goods is attached, then in an action for damages growing out of the attachment, claiming injury to credit as a merchant, the mere fact that he executed a chattel mortgage on his stock of goods late in the evening of the day just preceding

the one on which the attachment was run, would not preclude him from alleging and proving this element of damages, the same being a question of fact for the jury to determine.

When an attachment or execution is levied on a chose in action or personal property that in law is not subject to such levy, and the defendant in the writ is thereby deprived of the same, then in an action of damages for the unlawful seizure and conversion of the same, the attachment plaintiff is estopped and precluded from justifying the levy on the ground that it was not subject to the levy.

Where personal property is levied on by a writ of attachment and afterward sold under order of the court and the defendant in attachment buys it, the plaintiff in the writ cannot plead such fact in mitigation of damages. Nor is it reversible error in sustaining an exception to such plea if good in law, when the facts show that the defendant in the writ did not buy them in. Schoolher v. Hutchins, 66 Texas; 330; Hart v. Blum, 78 Texas, 113; Blum v. Stein, 68 Texas, 608; Cleveland v. Tufts, 69 Texas, 581; Clark v. Pearce, 80 Texas, 149; Mayer v. Duke, 72 Texas, 450.

Where an attaching creditor is sued for actual and exemplary damages and seeks to avoid the exemplary damages by showing that the defendant acted on the advice of legal counsel, it is error for the court to submit the same to the jury as a charge, as it would be a charge upon the weight of the evidence. Hurlbut v. Boaz, 4 Willson's C. C., 374-5; Hanna v. Hanna, 3 Willson's C. C., 51; Jacobs v. Crum, 62 Texas, 408; Gray v. Burk, 19 Texas, 228.

COLLARD, ASSOCIATE JUSTICE.— *Opinion.*—The judgment of the lower court, in our opinion, should be reversed. The suit is for damages actual and exemplary brought by S. W. Kelly, appellee, against R. F. Scott Grocer Co. and J. R. Shelton, for the wrongful and malicious issuance and levy of attachment, by defendant below, on certain property described in the petition. The trial resulted in verdict and judgment for plaintiff for $1254.36 actual and $600 exemplary damages, from which the appeal is taken. The petition shows that plaintiff had executed a deed of trust to J. R. Shelton, trustee, for the benefit of certain named creditors, including R. F. Scott Grocer Co., whose debt was deferred to other named debts, and that possession of the goods and merchandise was delivered to Shelton for the purpose of selling the goods as directed in the trust deed. Plaintiff's entire stock of goods in his mercantile business, the fixtures in the store where plaintiff had carried on his business, and the lease plaintiff had of the store, was conveyed to the trustee, and the petition shows that the trustee had taken possession of all the property, including the store house.

The petition claimed special damages, by reason of the attachment and levy, for loss of credit as a merchant. Defendants specially excepted to this item of damage; the court overruled the exception, and appellant assigns the ruling as erroneous.

1. Having mortgaged and delivered possession of all his stock of merchandise to the trustee, together with his lease on his store house, it must be held that plaintiff had voluntarily gone out of the mercantile business and could not recover damages for injury to his credit as a merchant. That he may have intended at some future time to resume business ought not to change the rule. Such expectant resumption of business and injury to credit would be too remote as a basis for damages to commercial credit. Hunt v. Kellum & Rotan, 59 Texas, 535. Plaintiff it is true alleged that he had other property, not mortgaged, amply sufficient to pay his debts, but this property was no part of the goods and merchandise of the business. The fact, if it had existed, that he was insolvent would of itself be enough to prevent a recovery for injury to commercial credit (Roby & Nichols v. Meyer & Bulte, 84 Texas, 387); but insolvency is not a necessary prerequisite as a bar to such recovery. Other facts will have the same effect though the debtor be solvent as, if he is not in commercial business at all, or has abandoned it. If he be not a merchant he cannot be injured in his credit as a merchant. The special exception to such damages should have been sustained.

2. The court did not err, as insisted by appellants, in overruling defendant's special exception to that part of the petition claiming damages for the levy upon and sale of defendant's lease of the storehouse and fixtures.

The argument of appellant that the leasehold estate cannot be sold under execution or by the lessee without the consent of the landlord, and that therefore there would be no right to damages if it should be seized and sold under attachment is not sound. The wrong would consist in the fact of the seizure and sale without legal right. The absence of legal authority to do the act would not excuse or justify it, but such want of authority would furnish the very reason, or one of the very reasons of complaint. The injured lessee would be entitled to damages commensurate with the injury, the value of the use for the time he may have been dispossessed of his household estate.

3. The court erred in sustaining plaintiff's special exception to that part of the defendant's answer showing that plaintiff bought the goods at sheriff's sale. The goods were sold by order of the court under the attachment proceeding before judgment, and defendant alleged that plaintiff himself was the purchaser of his goods at the sale by the sheriff, or if he was not, that he immediately thereafter again became the owner thereof at the price for which the sheriff sold the same, whereby he wholly mitigated and wholly saved himself from damages arising from the levy and sale. The amount plaintiff paid to regain possession of his property with interest while out of his possession is the measure of ordinary damages in such cases. Field v. Muenster, 32 S. W. Rep., 417. A different rule, that contended for by appellee, was announced in Schoolher v. Hutchins, 66 Texas, 324, but that case was overruled by this court in Field v. Muen-

ster, Justice Key delivering the opinion, which was sustained by the present Supreme Court on writ of error (Muenster v. Field, 89 Texas, 152), and the correct rule upon the principle and precedent established as above declared.

The alleged fact that plaintiff purchased the goods at the sheriff's sale, or had it done for his benefit, or regained possesssion soon after the sale, paying therefor less than value, was a pertinent issue measuring the amount of rightful recovery by plaintiff, and it was error to refuse to try the same. Sprague v. Brown, 40 Wis., 620.

4. The court refused a charge asked by defendant as follows: "If you believe from the evidence that before suing out the attachment J. R. Shelton, acting for defendant Grocer Co., in good faith sought legal advice in regard to the propriety of suing out the attachment, and fully laid all the facts before counsel, and was advised by counsel that it had the right to sue out the attachment, and that the same was sued out in pursuance of such advice, then you may take such fact in con-consideration, in connection with all the other facts and evidence, in determining whether or not the same was sued out maliciously."

There were facts in proof to which the charge applied, properly admitted by the court. It was not upon the weight of evidence. It was a proper charge to direct the jury to the issue upon which the testimony was admitted. Griffin v. Chubb, 7 Texas, 603.

There are several assignments of error which we need not discuss. It will suffice to say that we have examined them and find that they should not be sustained.

Because of the errors above pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*