## GENOVESE v. HARLINGEN PIGGLY WIGGLY et al.[*]

### No. 8474.

Court of Civil Appeals of Texas. San Antonio.

Oct. 15, 1930.

Rehearing Denied Nov. 12, 1930.

*Writ of error granted.

380

Greenwood & Lewis, of Harlingen, for appellant.

Jas. L. Abney, of Brownsville, for appellees.

FLY, C. J.

This suit was instituted by appellant against appellees Piggly Wiggly, H. E. Butts, and H. E. Kelly for false imprisonment for $10,000. The cause was tried before a jury, and a verdict was returned in favor of appellees under instructions of the court.

Appellant swore that he went to Piggly Wiggly store in Harlingen, Tex., on November 3, 1928, and bought $3.04 worth of goods, for which he gave a check on the First National Bank of Harlingen. Several weeks afterwards he was arrested on a charge of fraud in giving the check, which he learned had been returned by the First National Bank of Harlingen unpaid, because the bank had no funds belonging to appellant. Appellant was arrested on a complaint made by Kelly in February, 1929.

Appellant swore that he could not read or write English, and that he instructed Kelly to draw the check on the First National Bank of La Feria, a town several miles distant from Harlingen, where appellant claimed to have money on deposit. Appellant saw Kelly after the check was drawn, and was told by him if he would pay the costs of the prosecution he would settle the whole matter with Kelly. He refused to do that. Appellant had no dealings with Butts, who was alleged to own the store, nor with any one else except Kelly. What relation Kelly bore to the store was not disclosed, unless it be presumed from the fact of the sale of the goods that he was a salesman or clerk for Piggly Wiggly. Butts' relation to the store was not shown by the evidence, and there was no evidence tending to show that Butts authorized Kelly to make the complaint or ratified his act in making it. Butts was not shown to have known that the complaint was made. It does not appear from the evidence that Kelly was acting within the scope of his employment in making the complaint. The evidence failed to disclose any malice or that Kelly did not have reasonable grounds upon which to base his complaint. Appellant had once before given a check on the First National Bank of Harlingen on which payment was refused.

 From the standpoint of Kelly there was probable cause for the prosecution. Butts could not be held for the prosecution, in the absence of any testimony tending to show any connection with the prosecution. The charge of malicious prosecution is no favorite of the law, and, when made, it must be strictly and clearly proved. We need not enter into a discussion of the subject, as it has been fully discussed by the Supreme Court and Courts of Civil Appeals. Griffin v. Chubb, 7 Tex. 603, 58 Am. Dec. 85; Suhre v. Kott (Tex. Civ. App.) 193 S. W. 417; Reed v. Lindley (Tex. Civ. App.) 240 S. W. 348.

The judgment is affirmed.