### MITCHELL v. ROBINSON et al.

(Court of Civil Appeals of Texas. El Paso. Dec. 11, 1913.)

MALICIOUS PROSECUTION (§§ 15, 26*)—ESSENTIALS.

To maintain an action for malicious prosecution, the plaintiff must show both malice and want of probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 18, 59; Dec. Dig. §§ 15, 26.*]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by T. B. Mitchell against J. F. Robinson and others. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Dowell & Dowell, of Houston, for plaintiff in error. Sam, Bradley & Fogle and Fred R. Switzer, all of Houston, for defendants in error.

HIGGINS, J. Plaintiff in error was defendant in an action of trespass to try title pending in the district court of Harris county, in which an injunction had been issued restraining him from cutting trees and otherwise trespassing upon the premises in controversy. Pending the final determination of that suit, the defendants in error and their attorney instituted contempt proceedings against the plaintiff in error for alleged violation of the injunction. This suit is to recover damages alleged to have been sustained by reason of the alleged malicious institution and prosecution of such contempt proceedings. Upon trial before a jury, a peremptory instruction was given in favor of the defendants, in accordance with which verdict was returned, and judgment rendered, from which this appeal is prosecuted.

In an action for damages based upon malicious prosecution, it devolves upon the plaintiff to show both malice and want of probable cause. Neither of these essential elements were here shown, and, for this rea-son, the verdict in favor of defendants was properly instructed. McManus v. Wallis, 52 Tex. 539; Breneman v. West, 21 Tex. Civ. App. 19, 50 S. W. 471; Ramsey v. Arrott, 64 Tex. 323.

Affirmed.