Bautista Rosado Vélez, Plaintiff and Appellant, v. Manuel Rosado Chacón et al., Defendants and Appellees.

No. 7179.   Argued March 5, 1937.—Decided March 12, 1937.

*Luis Mercader* for appellant.   *E. Pérez Casalduc* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

Bautista Rosado Vélez alleges, in short, in the complaint herein that the defendants entered into a conspiracy and by common agreement made public that the plaintiff illegally, criminally, maliciously, and wilfully stole a lot of foreign lumber from within a house or building of the defendants, knowing that said lot of lumber belonged to said defendants; that they also requested the services of the police of

Arecibo to arrest and publicly annoy him, searching his home in the ward of Esperanza, of Arecibo, and causing him to come to said city to detain, investigate, and publicly humiliate him; that the defendants publicly charged him with said acts with knowledge that the imputation was false and malicious and without probable cause; that the acts of defendants have injured his prestige, his neighbors refusing to employ him and receiving him with contempt and refusing him credit; causing him great sufferings for the humiliation to which he has been subjected; that the damages he has suffered are the natural and probable consequence of the false, illegal, criminal, and wilful imputations of the defendants, and that he estimates these damages in the sum of $1,000.

At the close of plaintiff's evidence, the defendants made a motion for nonsuit which the district court sustained, dismissing the complaint by a judgment which is the object of the present appeal.

The appellant maintains that the lower court erred:

"I. In deciding that the facts of this case constitute an action for malicious prosecution and that the essential requisites of the same were not proved by the evidence offered.

"II. In finding that the action for damages for libel or slander does not lie here, either, for it does not appear that the defendants 'have said, or even published any libel or slander against the plaintiff.'

"III. In weighing with grave and manifest error the evidence of plaintiff, and reaching therefrom conclusions contrary to law, and that the action of plaintiff was not justified *prima facie*."

■ The complaint is ambiguous, for it does not appear from the same whether the action exercised is one for damages for slander, regulated by the special law on the matter of February 19, 1902 (Comp. Stat., 1911, secs. 1684–1694), or one for damages for malicious prosecution, included in sections 1802 to 1810 of the Civil Code (1930 ed.). This fact, however, lacks importance because, in our judgment, the evidence offered by the plaintiff does not support either of the two actions.

■■ The first case decided in this jurisdiction of an action for malicious prosecution, is that of *Parés* v. *Ruiz,* 19 P.R.R. 323. In accordance with it, "in actions for malicious prosecution there are four essential elements which must be alleged and proved, to wit:

"1. That the plaintiff has been prosecuted by the defendant.

"2. That the prosecution ended favorably to the plaintiff.

"3. That it was instituted maliciously and without probable cause.

"4. That plaintiff sustained damages thereby. Field on Damages, section 686, p. 544; 26 Cyc. 8; *Breneman* v. *West,* 21 Tex. Civ. App. 19, 50 S. W. Rep. 471; *Collins* v. *Campbell,* 18 R. I. 738, 31 Atl. Rep. 832."

An examination of the complaint, shows at first sight that requisites I and II, *supra,* have not been alleged, although it is true that it contains specific allegations as to III and IV. The complaint, then, fails to allege facts sufficient to constitute a cause of action for damages for malicious prosecution, and this alone would be sufficient to dismiss the same. And it can not be said that the defects of the complaint have been cured by the evidence, for the latter does not show that any of the defendants filed a complaint against the plaintiff. The defendants only informed Sergeant Jacinto Alvarez, of the police force of Arecibo, that the timber had been stolen, and the sergeant ordered the corresponding investigation. His testimony on this matter was as follows:

"Q. What did Mr. Manuel Rosado inform you against Bautista Rosado?—A. That he was building a house in the ward of Esperanza and some lumber was missing.

"Q. From where was the lumber missing?—A. From his house, that it had been taken away.

"Q. A house already built?—A. That he was building.

"Q. He stated that the lumber had been removed from there?—A. Yes, sir; and then I sent policeman Alayón.

"Q. Did he say whom he suspected?

"Attorney Mr. Pérez Casalduc: I object.

"Q. What did he tell you said day concerning Bautista Rosado?

"Attorney Mr. Pérez Casalduc: I object.

"Hon. Judge: The question is permitted.

"Attorney Mr. Pérez Casalduc: Exception.

"Witness: He said he suspected a certain person, but I do not remember what person he told me.

"Q. You acted in accordance with what he said?—A. I sent a policeman immediately.

"Q. What policeman?—A. Policeman Alayón 226, to investigate the matter."

Later on, in his testimony, he said:

"Q. Didn't Manuel Rosado mention Bautista Rosado expressly?

"Attorney Mr. Pérez Casalduc: I object.

"Hon. Judge: Leading.

"Witness: I can not say.

"Q. Did Alayón make the investigation in the ward?—A. Yes, sir.

"Q. Did he report to you?—A. Yes, sir."

Evarista Chacón, wife of the plaintiff, testified that the police filed a complaint against Eustaquio Pérez, a son of the witness, and not against Bautista Vélez, the plaintiff. Lastly, the plaintiff himself testified as follows:

"Q. Of what?—A. Of the lumber.

"Q. What happened then?—A. He looked at the voucher and took a book and came and a complaint was filed against Eustaquio Pérez, and he said, go, and we went.

"Q. Were you prosecuted?—A. No, sir."

It can not be said, then, that the first requisite was proved. As to the second, it was not proved either. Concerning the same, the record only shows the following, testified to by Evarista Chacón:

"Q. Whom did they prosecute?—A. Eustaquio Pérez.

"To questions of attorney Mr. Mercader, she testified:

"Q. Was Eustaquio Pérez successful in said prosecution?—A. Yes, sir.

"Q. Acquitted?—A. Absolutely.

"Q. Was it ultimately shown that it was a falsehood?—A. That it was a falsehood."

So that the complaint does not contain the essential allegations of an action for malicious prosecution, nor, even

assuming that it contained them, were they established by the evidence. The court did not commit the first error assigned.

Was a case of slander proved? We are of opinion that it was not, for the same reasons relied on by the lower court, to wit, that at no time did the defendants file a prosecution against the plaintiff. They confined themselves to informing the facts to the proper authorities. Section 3 of the Act of February 19, 1902 (Comp. Stat. 1911, 1686, page 324), in defining "slander" says:

"Slander is a false and unprivileged publication other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his office, profession, trade or business, or which by natural consequences causes actual damages."

We have examined the statements of Sergeant Alvarez and of Policeman Alayón to whom Manuel Rosado complained, and the same do not show that the latter imputed to plaintiff the commission of a crime. As to the other defendant, his intervention consisted in accompanying the policeman who made the investigation to the house of the plaintiff.

Nor was the allegation that the police searched the home of plaintiff proved. The witness Evarista Chacón, wife of the plaintiff, testified that the police did not enter the house; that when they inquired concerning the lumber in front of the door, standing, she told them that if they thought that the lumber belonged to them to take it and they would meet in court; and that then they took the lumber away. Plaintiff was neither arrested nor prosecuted. He was only summoned by the police to appear as a witness in an investigation in which Eustaquio Pérez was suspected.

The lower court did not err in weighing the evidence.

The judgment appealed from must be affirmed.