ANGELES JIMÉNEZ, Plaintiff and Appellant, *v.* MÁXIMO SÁNCHEZ, Defendant and Appellee.

No. 8378. Argued December 4, 1941.—Decided February 6, 1942.
Rehearing denied May 19, 1942.

*Francisco González Fagundo* and *A. García Veve* for appellant.
  *B. Fernández García* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action for damages for malicious prosecution.

Two causes of action were alleged in the complaint. The defendant filed a demurrer for insufficiency, and the court sustained the demurrer and gave judgment on the pleadings for the defendant, with costs against the plaintiff.

The latter appealed. In his brief he assigns only one error, claimed to have been committed by the court in dismissing the complaint for lack of facts sufficient to constitute a cause of action.

At the start of his argument under said assignment, he states that he withdrew the second cause of action, the issue being confined to a determination of the sufficiency of the complaint as to the first cause of action, which was set out as follows:

"1. That the plaintiff is a resident of Fajardo, a farmer, a widower, and over 21 years of age, and the defendant is also a resident of Fajardo, a property owner, and over 21 years of age.

"2. That about March 1937, the defendant Máximo Sánchez maliciously, with knowledge of the want of probable cause, and with the deliberate purpose of injuring the reputation and honesty of the plaintiff, did falsely accuse said plaintiff, Angeles Jiménez, charging him with having assaulted the informer with a revolver, and thereupon a warrant of arrest was issued against the plaintiff who was taken into custody and deprived of his liberty and was compelled to furnish bail for his release.

"3. That by reason of the malicious and false charge brought by the defendant against the plaintiff, there was instituted against him a criminal prosecution by the Hon. District Attorney of Humacao for an attempt to kill, and that after a trial the jury acting in the case acquitted the plaintiff.

"4. That he was publicly tried in the District Court of Humacao, the public becoming informed of such trial and of the false facts with which the defendant charged the plaintiff.

"5. That the plaintiff, as a result of the criminal prosecution to which he was subjected by virtue of the charge brought by Máximo Sánchez, suffered damages that may be conservatively estimated at $10,000."

The district judge in support of his judgment delivered an elaborate opinion from which we transcribe the following:

"Admitting the facts alleged in the amended complaint as true for the purpose of the demurrer, there is no doubt whatever that the imputation made against the defendant was that he had informed the officer authorized by §§95 to 109 of our Code of Criminal Procedure to accuse and prosecute lawbreakers, of the commission of an offense, viz., an attempt to kill, by plaintiff herein against the person of the defendant; and that after the proper investigation by said officer the latter proceeded to accuse the plaintiff and bring him to trial, believing as he must have done, pursuant to the provisions of §72 of said code, that there was just cause for it. In other words, the defendant did not formally accuse or prosecute the plaintiff, but, pursuant to §98 of the said code, the district attorney started the prosecution and from that fact and the further prosecution of the case, it must be admitted that there actually existed probable grounds for believing in the guilt of the accused, as expressed in the Spanish text of said section or probable cause as to the guilt of the defendant, as expressed in the English text thereof.

"The foregoing premises having been established, the present case is fully distinguished from those cited by the plaintiff, to wit: *Benet* v. *Hernández*, 22 P.R.R. 461; *Torres* v. *Ramírez*, 22 P.R.R. 419, since the facts therein alleged present situations which are distinct from the one existing in the case at bar for determining the sufficiency of the complaint where the latter is attacked by a demurrer on that ground; and as to the leading case in actions of this kind, cited by both parties, to wit, *Parés* v. *Ruiz*, 19 P.R.R. 323, although the facts alleged in the complaint on which that litigation was based rather differ from those alleged in the present case, for the purpose of the demurrer filed herein, yet we think that the doctrine laid down in the cited decision, together with the other decisions relied by the defendant, is sufficient to sustain the latter's contention.

"In the first place, this action is not favored by the courts, especially where it is based upon the institution of criminal proceedings against the plaintiff, for the simple reason that it tends to weaken the prosecution of offenses. 18 R.C.L. 11; 3 R.C.L. Supp. 774, and more especially when the crime involved is one which essentially affects the public, 38 C. J. 385–86. Howell, Malicious Prosecution, par. 13; *National Surety Co.* v. *Page,* 58 F. (2d) 145.

"In the second place, giving information of crime to the proper authorities, as was done by the defendant herein, does not amount to the instigation of a criminal prosecution, unless the accusation rests on facts falsely charged in order to induce the action, 127 So. 188; because persons who merely report violations of the law can not be made liable for prosecutions filed as the result of an investigation made by the proper officer. 156 N. E. 182; *Am. Surety Co.* v. *Pujor,* 115 So. 176.

"In the third place, our system of criminal procedure is accusatory, as established by §§95 to 109 of our Code of Criminal Procedure, in connection with §§71 and 72 of said code...*Quiñones* v. *Rosado,* 28 P.R.R. 454.

"In the fourth place, the element of malice, so essential in these cases, should not be confused with mere negligence, inasmuch as the characteristic of negligence is 'inadvertence', or an absence of an intent to injure, whereas the characteristic of malice is the improper purpose to vex, prejudice, damage, injure, and such an element must be fully alleged as a fact and not as a mere conclusion of law, without even reciting the facts from which it is drawn. 18 R.C.L 28.

"A mere reading of the complaint filed in this case shows the complete absence of the allegation of such an important element. Penal Code of Puerto Rico, §559, par. 4, *Smith* v. *Liverpool Insurance Co.,* 107 Cal. 432. *Parés* v. *Ruiz,* 19 P.R.R. 323.

"In the fifth place, a simple reading of the complaint shows the complete absence of facts establishing a lack of probable cause, there being, on the contrary, a strong presumption of its existence, and in actions of this kind we must consider such an element as a principal one (*Ball* v. *Rawles,* 93 Cal. 222), to such an extent that, in the absence thereof, even though malice be alleged, the complaint would still be insufficient."

To the same effect are quoted paragraphs from the decision of this court in *Parés* v. *Ruiz,* 19 P.R.R. 323; *Paganacci* v. *Lebrón,* 24 P.R.R. 743; *Torres* v. *Ramírez,* 24 P.R.R. 817;

*Fuentes* v. *Martínez,* 25 P.R.R. 80; *Rosado* v. *Rosado,* 51 P.R.R. 454.

■ ·We agree with the trial court that the action for malicious prosecution is not favored by the courts; that giving information of a crime to the proper authorities is not in itself instigating a criminal prosecution; that our system of criminal procedure is accusatory; and that the element of malice, essential in cases of this kind, should not be confused with mere negligence. We do not agree, however, that a mere reading of the complaint shows the "complete absence of facts establishing a lack of probable cause," nor that it is inferred therefrom that the action of the defendant was merely to report to the officer entrusted with the prosecution of law-breakers the commission of an offense, without either accusing or changing the plaintiff, nor proceeding with malice.

■ In the case of *Parés* v. *Ruiz, supra,* cited with approval and applied in those of *Bennet* v. *Hernández, supra,* and *Rosado* v. *Rosado, supra,* this court speaking through Mr. Justice McLeary said:

"In actions for malicious prosecution there are four essential elements which must be alleged and proved, to wit:

"1. That the plaintiff has been prosecuted by the defendant.

"2. That the prosecution ended favorably to the plaintiff.

"3. That it was instituted maliciously and without probable cause.

"4. That plaintiff sustained damages thereby. Field on Damages, section 686, p. 544; 26 Cyc. 8; *Breneman* v. *West,* 21 Tex. Civ. App. 19, 50 S. W. Rep. 471; *Collins* v. *Campbell,* 18 R. I. 738, 31 Atl. Rep. 832."

Following that rule, which was laid down almost thirty years ago and applied in 1915 and 1937, we will examine the complaint in order to determine whether it contains the essential elements of the action:

The first, viz., that the plaintiff has been prosecuted by the defendant, is alleged in four of the five paragraphs constituting the complaint.

· The second, that is, that the prosecution ended favorably to the plaintiff, is also alleged in the third paragraph thereof.

The third, namely, that the prosecution was instituted maliciously and without probable cause, repeatedly appears alleged as follows: "the defendant . . . maliciously, with knowledge of the want of probable cause and with the deliberate purpose of injuring the reputation and honesty of the plaintiff did falsely accuse said plaintiff . . . charging him with having assaulted the informer with a revolver . . .," second paragraph; "by reason of the malicious and false charge brought by the defendant against the plaintiff, there was instituted . . .," third paragraph.

And, lastly, that the plaintiff sustained damages, a fourth requisite, appears alleged in the fifth paragraph of the complaint.

Perhaps the complaint could have been more specific as to some particulars, but such as it is we deem it sufficient. It was not simply the case of informing the proper authorities of the commission of a crime. ■ It was the defendant himself, according to the complaint, who stated that he had been assaulted with a revolver—a criminal act in itself—and who charged the plaintiff with the commission of the assault, acting in the way and for the purpose stated in the complaint.

The fact that the district attorney, after an inquiry, filed an information based on sworn statements from witnesses, and thinking that there was just cause for it, does not necessarily mean that the statement, charge, or complaint of the defendant was not the decisive factor of his action.

The district attorney was indeed in charge of the prosecution, but what led him to institute the same and to file an information was the denunciation made by the defendant and the latter's charge against the plaintiff. This appears from the complaint and if, as stated therein, the defendant acted maliciously, with the deliberate purpose of injuring the plaintiff, and with knowledge that there was no probable cause, by falsely charging him with the commission of the

crime, thus succeeding in having him prosecuted by the only officer entitled to do so under the law, subjecting him to a trial where he was acquitted, and causing him damage thereby, we fail to see how it can be maintained that the complaint does not show him to be liable for the damages which resulted from his wrongful conduct.

"The test of liability in an action for malicious prosecution is: Was defendant actively instrumental in putting the law in force? To sustain the action, it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. One who sets the machinery of criminal law in motion causes the 'prosecution', as that term is used in the law of malicious prosecution. *Eastman* v. *Leiser Co.*, 148 Minn. 96, 181 N. W. 109." 38 C. J. 395.

In virtue thereof, the judgment appealed from must be reversed, the demurrer overruled, and the defendant granted ten days from the entry of this judgment in the lower court for filing an answer to the complaint.

Mr. Justice Snyder did not participate herein.