WheeleR, J.
This was an action brought by the plaintiffs and appellees (Ennis and Reynolds)' against the appellants, on two promissory notes; one of which was payable to the order of 0. Ennis, administrator of A. J. Regnolds, and indorsed by him to the plaintiffs; *(130) the other, to Ennis and Eeynolds, administrators of G. W. Reynolds.
The plaintiffs sued in their own names, and not as administrators. In their petition they do not profess to give notes in hcec verba, but set them out according to their legal effect and operation, and copies of them were filed with the petition as a part of it.
The citation describes the plaintiffs as “administrators of G. W. Eeynolds.”
The answer is a general traverse, or denial, putting the plaintiffs upon proof of the material averments in their petition.
The record contains a bill of exceptions, from which (among other matters not now insisted on), it appears that the “ defendants objected to the introduction, in evidence, of the first described note; but the court overruled the objection.”
Judgment was rendered for the plaintiffs; to reverse which it is contended:
1st. That as the defendants were cited to answer the plaintiffs as administrators, and judgment was rendered in their favor, in their own right, the proceedings are irregular and erroneous.
In issuing the citation, it was the obvious duty of the cleric to follow the petition, in describing the persons of the plaintiffs, and in setting forth the capacity and character in which they sued. They are there presented in their capacity as natural persons, in their own right, suing in their own names, and are therefore improperly described as administrators, etc. But can the insertion of these words vitiate the proceedings? We think not. The words added in the citation, had objection been taken below, might have been considered as descriptive of the persons suing, and not of the character in which they sued; or they might have been treated as surplusage. 2 Ham. 156,383. But no objection to the citation was taken below. The defendants appeared and answered to the action, and had valid objections to the sufficiency of the citation really existed, they come now too late. They are waived or cured by the appearance and answer of. the defendants. Ho repugnance between the petition and citation can now be regarded. The latter, having brought the party into court, has performed its office and is now functus officio. Its contents are therefore wholly immaterial and not the subject of revision.
2d. It is contended that the court erred in permitting the note objected to at the trial, to be given in evidence; that, being payable to Ennis, “ administrator,” etc., it was not susceptible of transfer by in-dorsement, and that the notes set forth in the petition, being, the one *(131) indorsed, and the other payable, to the plaintiffs as “ administrators,” tl;ey could not maintain the action in their own names.
The last proposition embraced in this objection is met by the opinion of the court in the case of McKinny v. Lewis, Dallam, 545, where it is said (upon the authority of Bayley on Bills, 335, cited by Judge Ochiltree in the opinion of the court), that on a note made payable to an administrator, he may sue in his own name. One of the judges, however (Judge Jack), dissented from the opinion of the court in that case;#but three appear to have concurred in the decision, and the same question being again brought up, we have been induced to look into the authorities "with more care than would otherwise have been deemed neeessary, on a question of so little apparent difficulty.
In the case of Hunter v. Postlethwaite, 10 Mart. 456, the plaintiff described himself as executor, in a suit to compel the performance of a contract made with him in that name, and the court held that the plaintiff need not show his authority to sue as executor/ that he might have maintained the action in his own name; and Martin, J., says: “his calling himself executor is a mere matter of description, for he sues on a contract made by himself, and not for a right which once existed in his testator.” In Urquhart’s Executors, v. Taylor, 5 Mart. 200, where suit was brought on" promissory notes, given by the defendant to the plaintiffs as executors, this question was presented, and the court decided that, as the promise was to the plaintiffs, though as executors and for the benefit of the estate, they might have brought the suit in their own names, and that the words “executors” of, etc., were only a description of the persons of the plaintiffs.
The case of Waldsmith v. Waldsmith, 2 Ham. (Ohio) 156, was an action of general indebtitafois asszimjpsit, in which the plaintiffs claimed as heirs, and charged the defendants as administrators of C. Waldsmith.' In the opinion of the court, delivered in bank, by Judge Burnet, the English authorities upon this question are examined and reviewed, and the judge says, “the words las admi¶Ástrators,, in the writ and declaration, may be considered as descriptive of the persons sued, and not of the character in which they are sued, or they may be treated as surplusage.” The reason for this opinion seems equally applicable to plaintiffs, when so described, and the authorities adduced in its support will be found quite pertinent to our present inquiry.
In Willis v. Lewis, Ld. Raym. 1215, which was an action by an executrix, on a promise made to herself as executrix; on motion in *(132) arrest of judgment, the court decided, that the declaration being grounded on a promise to the executrix herself, the naming her executrix was but surplusage.
Jenkins & Wife v. Plume, 1 Salk. 207, 6 Mod. 92, was assumpsit, by executors, for money had and received by the defendants, to their use, as executors. It was held that the action would lie, and that the plaintiffs describing themselves as executors was only to deduce their right and set it forth ab origine.
Marsh v. Yellowly, 2 Stra. 1106, was decided on the principle that" on a promise made or a wrong done to the executor himself, he may J sustain an action in his own name or as executor. In the final determination of Jenkins v. Plume, 6 Mod. 18, the court says, “ the plaintiff need not have named himself executor, it being on a contract with himself. His saying that it was to his use as executor is true, and therefore no harm, but rather better, for it shows how the right came.”
The cases cited (for the appellants) from 1 Mart. (M. S.) 301, 373, do not meet the question before us. The point decided in those cases was, that mere possession of a bill or note was not in itself evidence of property, upon which the plaintiff could maintain an action, when on inspection, it appeared to have been indorsed by him, and the legal interest thus to have vested in another party. This, we conceive, is a question altogether different from the one under consideration. The cases referred to in 2 Stark. Ev. 318, note t. appear equally inapplicable. They relate to the joinder of actions, and are cited by the author, mainly for the purpose of showing that counts on promises made to an intestate may be joined with counts on promises made to the administrator as such, whenever the sum recovered- will be assets in his hands. The authorities referred to in the note sustain the proposition in the text, that “ executors may sue as such on promises to themselves as executors.” But it does not therefore follow, that they may not also sue in their own names. So far as those authorities have any bearing on this question, they seem to support the right of the plaintiffs ■ so to sue. In one of them, Catherwood v. Chabaud, 1 B. & C. 150, for the proposition that the administrator de bonis non of B. may recover in a suit upon a bill indorsed generally to A. as administrator of B. for a debt due to B., the intestate, the reason is thus given: “For it is now settled contrary to the old cases, that
an administrator may sue in his representative capacity, on a contract made with him as such.” But the “ old cases ” seem to have held that an administrator could not “ sue in his representative capacity on a contract made with him as such,” but could only sue in his own *(133) name. The inference undoubtedly is that the right of the administrator to maintain such action was regarded as unquestioned law. The authority does not at all conflict with the case of Marsh v. Yellowly, already cited, but supports the principle there asserted that, it/pon a contract made with an executor, as such,, he mcty site in his own name or as executor, at his election; and this is the conclusion to which the view we have taken of the subject has conducted us. But the objection to the admissibility, in evidence, of the note in question, goes to its negotiability and denies the right of 0. Ennis to transfer it to the plaintiffs by his indorsement.
By-the English law, on the death of the holder of a bill or note the right of transfer is vested in his executor or administrator. Chit, on Bills, 201 (late ed.), note i. and authorities cited. Id. 225 of 8th Am. from 8th London ed. It may be questioned whether our statutes regulating successions have not rendered the law otherwise in this country. But we see nothing in them restraining the power of the administrator to transfer a promissory note made payable to himself, though it be payable to him as administrator. If he may sue upon it in his own name, and treat the words administrator, etc., as mere descriptio -personae or as surplusage, it would be difficult to perceive upon principle why he may not transfer it by indorsement, and how these words can restrain the negotiability of the instrument. Nor is it believed that they have ever been held to have such effect. In King v. Thorn 1 D. & E. 487, Buller, J., says, “ There can be no inconvenience from the executors indorsing the bill, for it is immaterial whether they indorse it as executors or not. If they indorse it at all they are liable personally and not as executors, for their indorsement would not give an action against the effects of the testator.” This case is cited in the note in 2 Stark, as authority for the position that “ A note indorsed to an executor as such belongs to him in his representative character.” But the point decided in the case is, that the assignees may sue in their representative character, and Gibbs (for the defendant) “ admitted that the mere naming the plaintiffs as executors is surplusage, when the suit is in their own right.” In Smith v. Whiting, 9 Mass. 334, it was decided that one of two executors cannot assign a negotiable promissory note made to them as executors, for a debt due to their testator. Erotn the language of the court, however, the inference is irresistible, that, although one of two executors cannot by his indorsement transfer the legal interest in the note, yet both together may. It is plainly to be inferred that such was the opinion of the court in that case, and we have no doubt that such is the law here.
*(134) The notes upon which this suit was brought were payable to the plaintiffs and their assignor. The promise was to them. They sued in their own names. The judgment was rendered in their favor, and we are of opinion that it ought to be affirmed.