LIPSCOMB & GILLESPIE VS. WARD & MAYNARD — Writ of Error from Matagorda County.

A note payable to an individual as curator or administrator may be assigned by the payee, and the assignment will carry with it the legal and equitable interest in the note. [*Post*, 410; 1 Tex. 184; 11 Tex. 142; 15 Tex. 44; 28 Tex. 622.]

The words "curator" or "administrator," added to the name of the payee, are mere words of description, and may be rejected as surplusage.

The plaintiffs in error sued the defendants upon a promissory note made by the latter to " Mrs. A. B. Eberly, curatrix of the succession of J. C. Peyton, deceased," and by her assigned to them.

The defendants answered, and excepted to the legal sufficiency of the petition, upon the ground that the note, being payable to the assignor, " curatrix," etc., could not be assigned [278] by her. The court sustained the exception and dismissed the case, and the plaintiffs prosecuted this writ of error.

*Harris*, Attorney General, for plaintiffs in error.

No counsel appeared for the defendants.

Mr. Justice WHEELER delivered the opinion of the court, Mr. Justice LIPSCOMB not sitting.

This case comes precisely within the principle of the cases of McKinney v. Lewis, Dall. 544, and Gayle and Gayle v. Ennis and Reynolds, 1 Tex. 184, the former decided by the late supreme court, and the latter by this court at the last term.

The present differs in no material respect from the latter of those cases. The promise in this case was made to A. B.

Eberly herself. Her being described as "curatrix," etc., being mere matter of description, which may be rejected as surplusage, could not affect her right to assign the note to the plaintiffs.

We are of opinion, therefore, that there was error in the judgment of the court below in sustaining the demurrer. The judgment must, therefore, be reversed, and the cause remanded for further proceedings.