## C. B. Rider v. B. T. Duval.

It has been repeatedly decided by this court that the holder of a promissory note payable to bearer has the legal title to the note, unless there be evidence impeaching his right to it, and that he may maintain an action on the note in his own name, although the equitable ownership of it be in another person. (Paschal's Dig., Art. 220, Note 283.)

The plaintiff sued on a promissory note payable to bearer, and commenced his petition thus: "A. B., administrator of C. D., deceased," &c.: *Held*, that

the words "administrator, &c.," should have been treated as mere *descriptio personæ*, in no way militating against the plaintiff's right to a judgment in his own name on the note. (Paschal's Dig., Art. 222, Note 285.)

Where a plaintiff sues in the character of an administrator, his right to sue in that capacity cannot be called in question on a demurrer to his evidence or otherwise, unless the answer of the defendant controvert and put in issue the character in which the plaintiff brings the suit.

The rule is general, that a plea in bar admits the ability of the plaintiff to sue. (Paschal's Dig., Art. 1441, Note 548, p. 354.)

APPEAL from Parker. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

On the 28th of August, 1866, the appellant filed his petition, beginning it as follows: "C. B. Rider, administrator of the estate of John L. Rider, deceased, and a resident of the county of Parker," &c., and proceeding to set forth that he was the holder of a promissory note for $200, payable to G. W. Dixon or bearer, and made and delivered by the defendant on the 12th of March, 1861.

The defendant filed a general denial and special answers in bar.

The case came to trial at the fall term, 1866, when the plaintiff read in evidence the note sued on, and closed.

The defendant demurred to the evidence, assigning specially that the plaintiff sued as administrator, and had offered no evidence that he was administrator. The case being thus withdrawn from the jury, "and it appearing to the satisfaction of the court that C. B. Rider had instituted this suit in the representative capacity of administrator of the estate of John L. Rider, deceased, and had failed to adduce evidence proving such representative capacity," the demurrer was sustained, and judgment was rendered for the defendant.

The plaintiff appealed, and assigns for error the ruling of the court sustaining the defendant's demurrer to the plaintiff's evidence, and the rendition of judgment in favor of the defendant.

*D. O. Norton,* for appellant, cited 2 Tex., 277; 15 Tex., 44, 127.

*A. J. Hood,* for appellee.

MOORE, C. J.—It has been repeatedly decided by this court that the holder of a promissory note, payable to bearer, unless there be evidence to impeach his right, has the legal title to the note, and may maintain an action on it in his own name, though the equitable ownership be in another. (Thompson v. Cartwright, 1 Tex., 87; McMillan v. Croff, 2 Id., 397; Greneaux v. Wheeler, 6 Id., 515; Butler v. Robertson, 11 Id., 142; Claiborne v. Yoeman, 15 Id., 44; Smith v. Ross, 19 Id., 172.)

It is equally clear that the language of the petition upon which the District Court held this suit to have brought by the plaintiff in his representative character should have been regarded as merely *descriptio personæ,* in no way militating against the plaintiff's right to a judgment in his own name on the cause of action presented in the petition. (Gayle v. Runnels, 1 Tex., 184; Lipscomb & Gillespie v. Ward & Maynard, 2 Id., 277; Groce v. Herndon, 2 Id., 412; Butler v. Robertson, 11 Id., 142; Claiborne v. Yoeman, 15 Id., 44.)

But if this suit should be treated as an action by the plaintiff in his representative character as an administrator, the judgment of the District Court is nevertheless erroneous.    The plaintiff's right to sue as administrator was not controverted in the defendant's answer, which must have been done if he sought to deny it or put it in issue.    For, as is said by the Supreme Court of the United States in the case of Yeaton v. Lynn, (5 Pet., 223,) "The rule is general, that a plea in bar admits the ability of the plaintiff to sue."    (2 Martin, 274; 10 Id., 456; 6 Ala., 399.)

The judgment is reversed, and the cause

REMANDED.

[The following case was decided at the February term, 1861, (8th March, 1861,) at the session at Galveston, and it ought to have appeared in the 25th Texas Supplement, or else in the 26th Texas Reports. But the record was not furnished to the *Reporter*. Its principles were epitomized in Paschal's Dig., Notes 629 and 722, from which Judge Smith doubtless quoted the case in the following case of The State v. Powell. Seeing the citation, and thus discovering that the case had not been published, the *Reporter* applied to Mr. George W. Honey, the polite and obliging clerk at Galveston, for the record and opinion. He received the copy of the opinion, but Mr. Honey was unable to furnish the *Reporter* the record, therefore the character of the oath taken by Juaraqui cannot be described.]