### H. VON KOEHRING v. GEORGE WITTE.

Delivered March 17, 1897.

**1. Charge of Court—Measure of Damages—Harmless Error.**
An erroneous instruction as to nominal damages for libel is not prejudicial, where
the jury properly found that the plaintiff had no cause of action.

**2. Malicious Prosecution as a Cause of Action.**
No recovery can be had for malicious prosecution where the prosecution is still
pending.

**3. New Trial—New Evidence—Malicious Prosecution.**
A new trial on the ground of newly discovered evidence will not be granted plain-
tiff in an action for malicious prosecution, because the objection existing at the time
of the first trial,—that the prosecution had not ended,—has been removed by the
plaintiff's acquittal of the charge.

ON REHEARING.

**4. Malicious Prosecution—Termination of Prosecution, What is.**
The failure of the grand jury to return an indictment at the first term of the court
after the affidavit was made, is not such a disposition of the prosecution instituted
by the affidavit as will support an action for malicious prosecution, as the prosecu-
tion may be revived at a subsequent term.

**5. Limitations—Malicious Prosecution.**
The statute of limitations does not commence to run against an action for mali-
cious prosecution until the prosecution has ended.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*W. R. Neal,* for appellant.—It being a matter of record in the Fed-
eral Court that at the date of the institution of this suit the grand jury
had ignored a bill on a complaint against plaintiff filed before a commis-
sioner by defendant, on which complaint plaintiff was bound over to
await the action of said grand jury, there was such a termination of
the particular proceeding complained of as would enable the plaintiff to
maintain an action against the defendant for malicious prosecution; and
it was the duty of the court to so instruct the jury. 14 Am. & Eng.
Ency., Law, 29, note 9.

*A. J. Evans* and *Aug. E. Altgelt,* for appellee.—In an action for
malicious prosecution, it devolves upon the plaintiff to plead and prove

that the prosecution complained of has terminated, and that in favor of the plaintiff.  Griffen v. Chubb, 7 Texas, 603, 616; Heldt v. Webster, 60 Texas, 207, 208; Stewart v. Someborn, 98 U. S. (Law Ed., Book 25, 116).

FLY, Associate Justice.—The appellant in this case sued appellee to recover the sum of $20,000 damages sustained by him, by reason of the publication of a certain libelous letter written by appellee to appellant, and $20,000 for malicious prosecution.  The publication of the libel was alleged to have been made by appellee reading the letter to one W. J. Howell.  The case was tried with a jury, and resulted in a verdict and judgment for appellee.

Appellee wrote a letter to appellant which charged him with crime, but it was not read by any one, nor read to any one, nor its contents in any way made known to any one by appellee.  The prosecution for perjury instituted against appellant by appellee was pending at the time of the trial of this case.  The testimony failed to show want of probable cause for the prosecution.

It is urged that the court erred in instructing the jury that "the law only imputes sufficient malice from the defamatory charges to carry nominal damages, when there is no justification, and leaves the rest as to what the actual damage has been—to the sound discretion and judgment of the jury, under the evidence upon that point."  If the charge be erroneous, it is a mere abstraction, in view of the fact that the jury found no damages whatever.  Had there been a finding of nominal damages, then the correctness of the charge might have assumed importance, but no damages having been found at all, appellant could have sustained no injury from a charge which could have borne on nothing but the amount of the damages.

The sixth and seventh assignments of error are without merit.  The uncontradicted testimony showed that the prosecution for perjury, which originated upon the affidavit of appellee, was pending in the Federal District Court at the time of the trial of the cause, and it was not error to instruct the jury that they could not find damages for malicious prosecution unless the prosecution had terminated favorably to appellant.  To maintain an action for malicious prosecution, it must be shown that there was a prosecution, that it was malicious, that it was without probable cause, and that the prosecution has ended in an acquittal.  Usher v. Skidmore, 28 Texas, 622; McManus v. Wallis, 52 Texas, 545; Glasgow v. Owen, 69 Texas, 168.

The fact that the grand jury, at the first term of the court after the affidavit was made, did not return an indictment, and that the indictment was found at the second term, did not alter the condition of pendency of the prosecution at the time of the trial of this cause.  If appellant desired a definition of the word "prosecution" given to the jury he should have asked it.

In the eleventh and second assignments of error complaint is made

that the court erred in overruling those paragraphs of the motion for new trial that ask for a new trial on the ground of newly discovered testimony. There was no merit on that ground for new trial. Appellant knew that the prosecution for perjury was pending against him when he announced ready for trial, and after he had taken his chances on a verdict, will not be granted a new trial because since the trial was concluded, he had been tried and acquitted. When the trial was had no cause of action existed for malicious prosecution, and that circumstances have arisen since the trial that may possibly give the right of action would be no ground for a new trial.

No error has been assigned requiring a reversal, and the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

The right to maintain an action 'for malicious prosecution accrues whenever the prosecution is disposed of in such a manner that it cannot be revived. Cooley, Torts, 215-217; Casebeer v. Drahoble, 14 N. W. Rep., 397; Casebeer v. Rice, 24 N. W. Rep., 693.

The complaint that was made by appellee, together with the evidence taken before the United States commissioner, was before the federal grand jury at the May term, 1895, but no bill was found. At the subsequent term, in November, upon the same papers, an indictment was returned by the grand jury. That prosecution was pending when the trial of this cause was had. The prosecution had not been disposed of in such a way that it could not be revived by the failure to return a bill at the May term, which is clearly evidenced by the return of the indictment at the November term.

We are not informed by the record when the suit was brought; the original petition not being made a part of the record, and the second amended petition not indicating when the original petition was filed. The original answer was not filed until April 29, 1896; and this might indicate that the suit was not filed in the interim between May and November, 1895, but after the indictment was returned. The mention of that fact, however, does not intimate that, if the suit was filed between the two terms of the federal court, there would be a cause of action; for we hold that the failure to return the indictment was no such action on the complaint made by appellee as to end the prosecution.

Appellant contends that he was forced into trial, and did not willingly risk his chances to obtain a verdict, while the prosecution was pending. There is a reference in the judgment and motion for new trial to an application for continuance, which was overruled, but what the application contained is not shown by the record. No bill of exceptions was reserved to the action of the court in overruling the motion for continuance, and no assignment is copied in the brief embodying as ground of error the refusal to grant a continuance.

Appellant contends that, actions for malicious prosecutions being barred in one year, appellant would have been barred by limitation if he had been compelled to wait until the prosecution was ended. The cause of action did not arise until the prosecution ended, and limitation would not begin to run until that time. If he filed his suit prematurely, he should, when he learned that fact, have withdrawn it.

The motion is overruled.

*Rehearing denied.*

April 14, 1897.

Writ of error refused.