## B. C. Rausch v. The State.

No. 7274.  Decided January 10, 1923.

**1.—Wife Desertion—Bills of Exception—Practice on Appeal.**

Where it appeared from the record that a number of bills of exception were not accepted by the trial judge and either substituted or changed, and were so accepted by appellant, they cannot be considered in the absence of a by-stander's bill, neither can affidavits attacking the statement of facts and bills of exception be so considered.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of wife and child desertion, the evidence supported the conviction there is no reversible error.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of wife and child desertion; penalty, a fine of $100.

The opinion states the case.

*L. N. Schlesinger,* for appellant, and *B. C. Rausch,* in person.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at law of Bexar County of desertion of his wife and minor children under the age of sixteen years, and his punishment fixed at a fine of $100.

That said wife and minor children of appellant had often been in destitute and necessitous circumstances prior to the filing of the complaint herein, seems abundantly established by the testimony in the case. The only question which would seem left for the decision of the jury would appear to be whether appellant was able to have rendered them assistance, and if so was his failure or refusal wilful. Appellant himself testified, and introduced other witnesses who corroborate him, that he had made several hundred dollars during the six months immediately preceding the filing of this complaint and during which time the destitute and necessitous situation of said wife and children is made to appear. Such fact being sufficiently established, there appears no reasonable justification nor excuse for his failure to have contributed a reasonable part of his earnings to the support of said wife and children. Appellant testified in an effort to justify himself for his failure to have so contributed and claimed that he had aided all within his power. A number of special charges requested by appellant's counsel embodying the proposition that he could not be convicted unless he had the ability to aid, and unless his failure or refusal was wilful and without justification, were given by the trial court. We have examined carefully the main charge, and a special charge which was altered before being given, without objection on the part of appellant. as appears in the court's qualification to the bill of exceptions; and have also carefully examined the facts and are unable to conclude that any reversible error is shown.

Appellant presents upon the submission of this case a number of affidavits attacking the correctness of the statement of facts and bills of exception, but none of same are in sufficient form to justify us in sustaining his contention in regard thereto.

There are a number of bills of exception, it appearing that the original bills as presented to the trial court were not accepted by him and that he either prepared substitute bills therefor, which were accepted by appellant, or that he appended qualifications to said bills, which were also accepted by appellant. There nowhere appears any by-standers bills or sufficient attack upon the correctness of the bills as written or qualified by the lower court. As so prepared by the trial court or modified by him, none of said bills of exception present any reversible error.

Believing appellant has had a fair trial as reflected by the record

before us, and finding no reversible error, the judgment of the court
below will be affirmed.

*Affirmed.*