### RAUSCH v. NEWTON et al.  (No. 7632.)

(Court of Civil Appeals of Texas. San Antonio.
Nov. 17, 1926. Rehearing Denied
Dec. 15, 1926.)

1. **Appeal and error ⟨key⟩766—Case of appellant pleading inability to employ counsel considered on brief not complying with rules and statutes.**

Case of appellant pleading inability to employ counsel considered as presented in his brief, though court would have been justified in disregarding it as not complying with rules and statutes in form or substance.

2. **Appeal and error ⟨key⟩1078(3)—Sufficiency of petition stricken on general demurrer presents fundamental question, entitled to consideration, though not briefed.**

Sufficiency of petition stricken on general demurrer presents fundamental question, entitled to consideration on appeal whether briefed or not.

3. **Malicious prosecution ⟨key⟩24(4)—Petition showing conviction states no cause of action for malicious prosecution.**

Petition showing on its face that prosecution resulted in plaintiff's conviction, which was confirmed by the Court of Criminal Appeals, states no cause of action for malicious prosecution.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by B. C. Rausch against Tom Newton and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

B. C. Rausch, of San Antonio, for appellant.

T. D. Cobbs, Jr., Newton & Woods and Tom J. Newton, Jr., all of San Antonio, for appellees.

SMITH, J. Appellant brought this action against the county attorney of Bexar county and one of his assistants, the sheriff and one of his deputies, and the sureties upon the bonds of both officials, and against an attorney in San Antonio. Appellant sought to recover $750,000 actual, and $750,000 exemplary, damages against the defendants for alleged malicious prosecution of appellant for the offense of wife and child abandonment. Appellant filed four successive petitions in the trial court against each of which the general demurrer was sustained in due order. When the court sustained special and general demurrers to the fourth amended petition, appellant declined to amend, and the cause was thereupon dismissed. From the order of dismissal appellant brings this appeal.

[1] Appropriate motions have been made by appellees to strike out appellant's brief. Appellant is not an attorney, and was not represented by counsel in the court below, and is not so represented in this court. He alone has prosecuted the action in both courts, as his own counsel. He suggested in his pleadings that he is unable to employ counsel. We have respected appellant's position, and have very carefully considered his case as presented in his brief, whereas we would have been amply justified in disregarding his brief, which complies with the rules and statutes neither in form nor substance.

[2] The only question presented in the appeal, however, is that of the sufficiency of appellant's fourth amended original petition, tested by the general demurrer and certain special exceptions, which were sustained. So far as the general demurrer is concerned, however, the question presented is fundamental, and therefore entitled to consideration, whether briefed or not. We have therefore considered the stricken petition, and very carefully so.

[3] We are of the firm opinion that the petition states no cause of action against any of the parties defendant. The prosecution of which complaint is made in the petition was, as stated, for wife and child desertion. It is shown in the face of the petition that the prosecution resulted in appellant's conviction of that offense, and the judgment thereon was affirmed by the Court of Criminal Appeals in an opinion which emphasized the justice of the conviction. Rausch v. State, 93 Tex. Cr. R. 211, 246 S. W. 1037. The effect of this course and result of the proceeding was to refute the charge that the prosecution was maliciously instituted and pursued. Kruegel v. Stewart (Tex. Civ. App.) 81 S. W. 365; Von Koehring v. Witte, 15 Tex. Civ. App. 646, 40 S. W. 63. The petition is insufficient in many other essentials. It is not deemed necessary to set them out here.

The judgment is affirmed.