## ALDANA et al. v. TAVAZON et al.
### (No. 2291.)

Court of Civil Appeals of Texas. El Paso.
March 16, 1929.

Wm. E. Clayton and Chas. Windberg, Jr., both of El Paso, for appellants.

M. M. Winningham and Knollenberg & Cameron, all of El Paso, for appellees.

PELPHREY, C. J. In October, 1927, Mrs. Tavazon, appellee, was the owner of an automobile, and C. Sanchez Aldana, appellant, was conducting the International Garage on East Missóuri street in the city of El Paso, Tex., and operated a repair shop for automobiles in connection therewith.

Mrs. Tavazon sent her automobile to the International Garage for the purpose of having some repairs made thereon. The repairs were made, and amounted to about $50. She paid $15. in cash, and gave a check on the First National Bank of El Paso, Tex., for $35, which Aldana gave her cash for. With the $35 received from Aldana and the $15 she had, she paid the mechanic and the painter who had repaired her car. The check was presented to the bank and returned marked "No account."

On January 25, 1928, appellant Mendoza went to the office of the county attorney of El Paso county and filed a complaint against Mrs. Tavazon for swindling under $50.

Upon a trial the jury was instructed to return a verdict of not guilty against Mrs. Tavazon.

August 10, 1928, Mrs. Tavazon filed this suit in the Sixty-Fifth district court of El Paso county, against both Aldana and Mendoza, alleging malicious prosecution, and praying for $2,500 damages.

Appellants answered by general demurrer and general denial. The case was tried before the court, and judgment was rendered in favor of Mrs. Tavazon and against both Aldana and Mendoza for the sum of $300.

Both Aldana and Mendoza have appealed from said judgment.

The trial court filed the following findings of fact and conclusions of law:

### "Findings of Fact.

"1. That the check given the defendant, C. Sanchez Aldana, was given in consideration of $35.00 in money given to plaintiff by Aldana for the check and under an agreement that the check should be held by him until it should be convenient for her to pay it or to deposit the money in the bank to meet the same.

"2. That the two defendants, acting together, caused the complaint against the plaintiff and her arrest and incarceration for two days, where she suffered very great annoyance, shame and humiliation.

"3. That $300.00 is the actual damage suffered by her by reason of such humiliation, shame and annoyance."

### "Conclusions of Law.

"1. That by reason of the agreement by which the check was made, the plaintiff herein was not guilty of swindling.

"2. That, if she had been guilty of swindling, she was not guilty of the swindling charged against her in the complaint which was filed.

"3. That the conviction under the complaint actually filed would not have been jeopardy for the receiving of the money on the check as she did; and that, under any theory of the case, the complaint against her was not founded on any facts, in that she

actually received money and not property, as charged by the complaint.

"4. That the defendant Aldana created a fiction, and made it appear that she got the property from the painter and the mechanic and not from him; and that, in truth, was the legal effect of the transaction, as a consequence of which I find that the defendants are liable for the imprisonment of the plaintiff and should pay her the actual damage suffered by her thereby."

Appellants' brief contains nine assignments of error, and submits five propositions upon which they seek reversal of the case.

Propositions Nos. 1 and 2 relate to the sufficiency of the evidence to show lack of probable cause and malice on the part of appellants. We will first discuss these questions as to the appellant Aldana.

■ To maintain an action for malicious prosecution, it must be proved that there was a prosecution by the defendant, that it was malicious, that it was without probable cause, and that the prosecution has ended in acquittal. Usher v. Skidmore, 28 Tex. 622; McManus v. Wallis, 52 Tex. 545; Glasgow v. Owen, 69 Tex. 169, 6 S. W. 527; Von Koehring v. Witte, 15 Tex. Civ. App. 646, 40 S. W. 63; Breneman v. West, 21 Tex. Civ. App. 19, 50 S. W. 471. Probable cause has been defined as "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." Wheeler v. Nesbitt, 24 How. 544, 16 L. Ed. 765. This definition was quoted with approval in the case of Ramsey v. Arrott, 64 Tex. 320.

The court found that the check was given to Aldana under an agreement that the check would be held by him until it should be convenient for appellee to pay it or to deposit the money in the bank to meet it.

■ Both appellee and the witness Marquez testified to such an agreement, and, while there is testimony of several witnesses contradicting them, yet, there is evidence to support the finding, and it must be sustained. Such being the agreement at the time the check was given, then appellee was not guilty of swindling, and Aldana, being a party to the agreement, certainly had no probable cause to believe that she was guilty of the crime which she was later instrumental in having filed against her.

■ Greenlief has defined malice to be "any unlawful act, done wilfully and purposely, to the injury of another, is, as against that person, malicious."

In Ramsey v. Arrott, supra, the Supreme Court in discussing the question of malice said: "It is often said that malice may be inferred from circumstances; this means that the circumstances attending the prosecution may be such as to satisfy the mind that the party was actuated by wrongful motives in the institution and continuance of the prosecution. The wrongful motive, coupled with a wrongful act wilfully done to the injury of another, constitutes legal malice; and may be established as well by circumstantial as direct evidence."

Both malice and absence of probable cause must exist before the action of malicious prosecution can be maintained. As far as Aldana is concerned, in view of the finding of the court as to the agreement between him and appellee, we think the record shows both the absence of probable cause and malice, and, as far as he is concerned, the judgment should be affirmed.

As to appellant Mendoza, we find an altogether different state of facts. It appears from the record that Mendoza was merely an employee of Aldana's, and took the check to the county attorney's office and signed the complaint on behalf of Aldana.

It further appears that the check was given to Aldana and not to Mendoza, and fails to show that Mendoza knew anything about the agreement which the court found was made between Aldana and appellee at that time.

■ We do not mean to hold that Mendoza would not be liable if he had been in possession of all the facts known to Aldana, but we are of the opinion that Mendoza, acting merely as the agent of Aldana, with nothing in the record to show that he acted with malice, and no showing that he was familiar with the circumstances surrounding the giving of the check, would not be liable to appellee.

The judgment of the trial court as to appellant Aldana is in all things affirmed, but, as to appellant Mendoza, the judgment is reversed, and judgment here rendered that, as against him, appellee take nothing.

Affirmed in part, and reversed and rendered in part.