**LEONARD et al. v. GEORGE.**

**No. 5949.**

United States Court of Appeals.
Fourth Circuit.

Argued Oct. 5, 1949.

Decided Dec. 8, 1949.

David W. Robinson, Columbia, S. C., and John K. deLoach, Camden, S. C. (Robinson & Robinson, Columbia, S. C., on brief), for appellants.

Thomas E. McCutchen and R. K. Wise, Columbia, S. C. (Wise, Whaley & McCutchen, Columbia, S. C., on brief), for appellee.

Before PARKER Chief Judge and DOBIE, Circuit Judge, and BARKSDALE, District Judge.

PARKER, Chief Judge.

This is an appeal by defendants from an adverse judgment in an action for damages on account of malicious prosecution. The case was tried in the court below together with the companion case for malicious abuse of process, growing out of the same facts, which was before this court in George v. Leonard, 4 Cir., 169 F.2d 177. The trial was had before a jury which found for the plaintiff in both cases, returning a verdict for actual but not punitive damages in the malicious abuse of process case and for punitive but not actual damages in the malicious prosecution case. Judgments were entered upon both verdicts but appeal was taken only in the malicious prosecution case. The principal contention made upon appeal is that motion for directed verdict should have been granted for defendants and that their motion for judgment n. o. v. based thereon should have been allowed; and as we think that this contention should be sustained, we need not consider the other questions raised by appellant.

While direction of a verdict was asked by defendants upon several grounds, the one which we think determinative is that the record shows that the criminal prosecution which forms the basis of plaintiff's action was dismissed upon the procurement of plaintiff and as the result of a compromise in which he paid a substantial sum of money to secure the dismissal. Upon the first trial of the action now before us on appeal, Judge Wyche granted a motion for dismissal on this ground, but the dismissal was subsequently set aside and a new trial granted for reasons set forth in his opinion reported in George v. Leonard, D.C., 71 F. Supp. 665. We think that this compromise and settlement of the case, while not a bar to the action for abuse of process, was a bar to the one for malicious prosecution.

The facts are that plaintiff had been the manager of a farm of defendants upon which turkeys were being raised and that one Boykin, the superintendent of defendants in the territory, caused a warrant to be issued charging plaintiff with fraudulent breach of trust in the sale of certain of the turkeys. Plaintiff was arrested and placed in jail, but was later released on bail; and, after his release, he and his father agreed to pay and did pay the sum of $415.00 to Boykin to have the criminal prosecution dismissed. There is evidence that, at the time of the settlement and dismissal of the criminal case, plaintiff protested his innocence of the crime charged and stated that he was being held up and was making payment under protest because he had to get away. He testified that he had obtained a position at a nearby airfield and had to report next day to obtain the position.

Notwithstanding the protests and declarations of plaintiff made at the time, we think that he is unquestionably precluded by the settlement from suing for malicious prosecution with respect to the case thus disposed of. He thoroughly understood what he was doing and there is nothing to indicate that he was coerced as the result of imprisonment or duress of any sort. On the contrary, plaintiff had been released on bail at the time. The case seems to be clearly one for the application of the rule stated in A.L.I. Restatement of Torts, vol. 3, p. 400, as follows: "c. Compromise. Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor."

The reason for the rule was well stated by Lord Tenterden in the old case of Wilkinson v. Howel, Moody & M. 495, where he said, "I think this mode of termination does not furnish any evidence that the action was without probable cause. If this should be allowed, the defendant would be deceived by the consent, as, without that, he would certainly have gone on with the action, and might have shown a foundation for it. I have no doubt about it."

As said in White v. International Text Book Co. 156 Iowa 210, 136 N.W. 121, 123, 42 L.R.A.,N.S., 346, the case upon which plaintiff chiefly relies: "The reason for the

rule seems to be that where the termination of the case is brought about by a compromise or settlement between the parties, understandingly entered into, it is such an admission that there was probable cause that the plaintiff cannot afterwards retract it and try the question which by settlement he waived."

■ The rule is established by the overwhelming weight of authority. See 34 Am. Jur. pp. 725-726; 54 C.J.S., Malicious Prosecution, § 58, pages 1026-1027; notes 7 Ann.Cas. 454, Ann.Cas.1915D 1250, 67 A.L.R. 516 and cases there cited. The case is, of course, governed by the law of South Carolina; but we find nothing there in conflict with the rule so well settled in other jurisdictions. On the contrary, the only South Carolina decision bearing upon the question gives support to the rule. Jennings v. Clearwater Mfg. Co., 171 S.C. 498, 172 S.E. 870, 873. In that case there was a clear holding that a dismissal of the prior action as the result of compromise would bar the action for malicious prosecution, and the case was held for the jury merely because there was a conflict of evidence as to whether the dismissal had been as the result of compromise or for lack of evidence on the part of the prosecution. The court said: "While conceding the proposition of the defendants that the decisions, generally, are to the effect that, if a prosecution is terminated by agreement between the parties, or at any instance, or upon the consent, of the accused, there is no such termination as will support an action for malicious prosecution, we do not think the testimony was such as to require a direction of a verdict for the defendants on that ground. There were such conflicts in the testimony as to the cause of the discontinuance of the prosecution, whether it came about because of an agreement between the parties or for lack of evidence to prove the crime charged against the plaintiff, as to require the trial judge to submit that issue to the jury, and, moreover, the showing was strong enough to warrant the jury in reaching the conclusion contended for by the plaintiff."

■ It cannot be said that, because the criminal action was pending against plaintiff and he desired to have it out of the way, the case was settled under duress. This very point was dealt with by the Supreme Court of Mississippi in Jones v. Donald Co., 137 Miss. 602, 102 S. 540, where that court used language which seems singularly appropriate here. The court said: "But it is said by the appellee that the settlement by which the original proceeding here in question was dismissed was not voluntarily entered into by the appellant, but that he was coerced into making it. Conceding the soundness of the rule here invoked, there is no merit in this contention, for the reason that the appellant himself initiated the negotiations which resulted in the settlement after he had been admitted to bail and was under no sort of duress other than the liability to answer the criminal charge which had been made against him, which duress, if such it can be said to be, is necessarily present in every settlement or compromise of this character."

■ We are not impressed with the argument that to bar an action for malicious prosecution the compromise must have been a valid one and not the compounding of a crime. If this were the rule, it would have little importance. The validity of the compromise, however, has nothing to do with the matter. The basis of the rule is, not that the agreement or compromise is a valid contract which fixes the rights of the parties, but that the plaintiff, by entering into the compromise and securing the dismissal of the criminal action thereby, estops himself from contending that it was instituted without probable cause. See White v. International Text Book Co., supra. Only where the compromise has been entered into without an understanding of its nature, or because of coercion or duress, can its effect as an estoppel be avoided; and as pointed out above there is nothing of that sort here.

The opinion of Judge Wyche reported in 71 F.Supp. 665, misinterprets, we think, the language quoted in Jennings v. Clearwater Mfg. Co., supra, from the note in 67 A.L.R. 513, 519, to the effect that the general rule does not apply where the dismissal is not shown to have been the result of a valid compromise or settlement. An examination

of the cases addressed to the question of valid settlement shows that, with one exception, they are cases where there was a valid settlement of indebtedness not conditioned upon the dismissal of the criminal case, and it was held that such valid settlement was not a bar to the action for malicious prosecution. The basis of the holdings is that a settlement not conditioned on dismissal of the criminal case, like the settlement obtained by duress, is not an admission of probable cause. Manifestly such cases lend no support to the proposition that to bar the action the compromise of the criminal case must be valid. The case of Jennings v. Clearwater Mfg. Co. does not so decide; and the passage heretofore quoted from the opinion in that case is clearly to the contrary.

■ We note that the court below, on the final trial of the case, did not proceed upon the theory that a compromise of the criminal case would not bar the action for malicious prosecution, but submitted to the jury the question as to whether the case was dismissed "because it was improvidently brought or because of no sufficient proof to support it, and independently of plaintiff's agreement about it." The trouble with this, however, is that, upon the evidence, there is no ground for reasonable difference of opinion as to the fact that the criminal case was dismissed because of the compromise agreement. In such situation, verdict should have been directed for the defendants.

There was error in refusing to direct a verdict for defendants in the case and in denying their motion for judgment n. o. v. after the verdict. The judgment will accordingly be reversed and the case remanded with direction to enter judgment for defendants.

Reversed.

BARKSDALE, District Judge (dissenting).

I agree with the majority that, as a general rule, an action for malicious prosecution is barred if the dismissal of the criminal prosecution was brought about by the voluntary agreement of the parties, but I am constrained to differ with the conclusion of the majority that this rule requires a reversal here and the entry of a final judgment for the defendants. Speaking of this rule, the following statement appears in 34 Am.Jur. 726: "The reason for this rule where the termination of the case is brought about by a compromise or settlement between the parties, understandingly entered into, is that in such case there is such an admission of probable cause that the plaintiff cannot afterward retract it and try the question waived by the settlement."

The same thought is expressed by the quotation in the majority opinion from White v. International Text Book Co., 156 Iowa 210, 136 N.W. 121, 42 L.R.A.,N.S., 346, and in the quotation from Lord Tenterden, Wilkinson v. Howell, Moody & M. 495.

It would seem that when the reason for the rule does not exist, the rule should not be applied. In the instant case, as stated in the majority opinion, "There is evidence that, at the time of the settlement and dismissal of the criminal case, plaintiff protested his innocence of the crime charged and stated that he was being held up and was making payment under protest because he had to get away."

Taking this evidence as true, as the jury did, I hardly see how it can be held as a matter of law that the settlement constituted an admission of probable cause, or that defendants were deceived by plaintiff's consent to the settlement.

I agree with the statement of the law in White v. International Text-Book Co., supra [156 Iowa 210, 136 N.W. 128] (last par. of opinion), to the effect that, in order for a settlement to bar an action of malicious prosecution, it must appear "that the one accused *voluntarily* procured his release, that his payment was in full settlement of his accounts and for the purpose of extinguishing a *conceded indebtedness,* and that this payment was *freely* and *voluntarily* made; that is to say, *not under protest* or *by reason of duress.* Any other rule would encourage resort to the criminal law for the purpose of enforcing a debt and the greater

wrong the less the liability to punishment. * * *" (Italics supplied.)

I think the question of whether or not plaintiff voluntarily entered into the compromise agreement was for the jury. It was submitted to the jury under instructions quite favorable to the defendants, the jury found for the plaintiff, and the trial court accepted the jury's verdict and entered judgment thereon.

I would affirm the judgment of the District Court.