## RANKIN v. SAENGER.

### No. 4852.

Court of Civil Appeals of Texas. El Paso. Jan. 23, 1952.

Rehearing Denied Feb. 27, 1952.

Guinn and Guinn, El Paso, for appellant.

A. L. Carlton and Sam K. Wasaff, El Paso, for appellee.

McGILL, Justice.

This is a suit for malicious prosecution in which upon a verdict of a jury appellee recovered a judgment against appellant for $865, which included $750 actual and $10 exemplary damages, and other items for loss of time from work and medical and hospital expenses.

Appellant seeks a reversal on one point alone: That is that the court erred in overruling his motion for an instructed verdict and for judgment because appellee failed to prove a successful termination of the complaint on which the suit for malicious prosecution was based.

All the other essential elements on which to base an action for malicious prosecution were established adversely to appellant by the jury's verdict, and appellant makes no point as to these.

· The facts relative to the disposition of the complaint on which this suit for malicious prosecution is based are simple and undisputed. The complaint charging appellee with swindling appellant in connection with the alleged sale of a calf was signed and sworn to by appellant on December 21, 1950, before a Justice of the Peace of El Paso County. Based on such complaint on the same day a warrant was issued by the Justice for the arrest of appellee and he was taken into custody by the Sheriff

of El Paso County and placed in jail where he remained a short time until he was released on bond. On December 23, 1950, the Justice of the Peace made the following pencil notation on the complaint:

"12/23/50. Case dismissed on request of affiant, Melvin A. Rankin. F. A. Hill, J. P."

He testified that he did this at the request of appellant after appellant met him in front of his office and told him he would like to withdraw the complaint, and he had told appellant that he would dismiss it at his request. So far as the record discloses neither the District Attorney nor the County Attorney has ever attempted to prosecute appellee under this complaint or any other complaint for the offense charged, nor has appellee ever been indicted for the offense charged, although we judicially know that at least one grand jury has convened in El Paso County since the complaint was filed and since the Justice of Peace made the entry of dismissal.

It is appellant's contention that the Justice of Peace was without power to dismiss the complaint on appellant's request without the request or at least the consent of the proper prosecuting officer (in this case the District Attorney) since the complaint charged the commission of a felony. In support of his contention appellant cites State v. Anderson, 119 Tex. 110, 26 S.W. 2d 174, 175, 69 A.L.R. 233 (Com.App. opinion adopted), and he contends that therefore appellee failed to prove a final termination of the prosecution in his favor, which is an essential element of a suit for malicious prosecution.

█ It is well settled that a plaintiff can not recover in an action for malicious prosecution of a criminal charge unless he alleges and proves the fact of the prosecution and that it had finally terminated in his favor. Shoemaker v. McElwaine, Tex. Civ.App., 59 S.W.2d 440, and authorities there cited; 28 Tex.Jur., p. 454, Sec. 7.

Some confusion seems to exist in the authorities upon the question of what is a termination of a prosecution upon which actions of this character may be based. We quote from Sullivan v. O'Brien, Tex.Civ.

App., 85 S.W.2d 1106, loc. cit. 1115 (writ. ref.):

"There is some confusion of authority upon the question of what is a termination of a prosecution upon which actions of this character may be based. It is often said that a prosecution is so terminated when it is disposed of in such manner 'that it cannot be revived.' Cooley on Torts (3d Ed.) §§ 215, 216; 28 Tex.Jur. p. 455, § 7; Von Koehring v. Witte, 15 Tex.Civ.App. 646, 40 S.W. 63 (writ ref.); Casebeer v. Drahoble, 13 Neb. 465, 14 N.W. 397; Casebeer v. Rice, 18 Neb. 203, 24 N.W. 693. Or, by 'acquittal, or in some manner equivalent thereto.' Note, 69 A.L.R. 1062; Von Koehring v. Witte, supra. Undoubtedly, however, these definitions call for, or at least admit of, further construction, or qualification. For it seems well settled that the termination contemplated does not mean the end of the purpose or intention to prosecute, or a final adjudication of the accused person's guilt or innocence, but means, rather, the termination of the particular prosecution, or proceeding, complained of, so that, if the prosecutor intends to proceed further in his purpose, he must institute proceedings de novo, or, as sometimes said, is 'put to a new proceeding.' Cooley on Torts (3d Ed.) § 16; Newell on Malicious Prosecution, p. 343, § 12; 14 A. & E. Law 29, 30; 18 R.C.L. p. 21 et seq.; annotations in 39 L.R.A.,N.S., 1215; 2 L.R.A.,N.S., 927."

It has been said that the dismissal of proceedings complained of either voluntarily or by reason of failure to prosecute, followed by the discharge of the accused, in general constitute a sufficient termination to support an action for malicious prosecution, and that the fact that such dismissal is wrongful is immaterial in the absence of any effort to secure further prosecution. 54 C.J.S., Malicious Prosecution, § 57, p. 1024, citing Lehmer v. Smith, 220 Mo.App. 251, 284 S.W. 167; also that abandonment of the prosecution by the prosecutor or complaining witness is sufficient. 54 C.J.S., Malicious Prosecution, § 55, p. 1023. Based

on Art. 436—4, C.C.P., it was held in Zello v. Glover, Tex.Civ.App., 59 S.W.2d 877, that by necessary implication an accused against whom no indictment has been turned and no continuance of his case ordered is exonerated, and restitution made for the wrong done him as completely as the criminal courts may voluntarily do it and that the civil courts should not do less when they are called upon to do so by an action for malicious prosecution.

This record affirmatively shows that without any solicitation or connivance on the part of appellee the complaining witness had abandoned the prosecution which he initiated by filing the complaint; also that the magistrate before whom the complaint was filed had attempted to dismiss it. It may be conceded that he had no power to do so either with or without the request or consent of the prosecuting officer. In any event it was his duty to file with the Clerk of the District Court on the first day of the next term thereof a certified transcript of his docket showing all criminal cases examined by him or tried before him since the last term of such district court, for delivery by the District Clerk to the foreman of the grand jury. Art. 880, C.C.P. Since the record is silent we must presume that the Justice of Peace and District Clerk performed their duties in this respect and that no indictment was returned by the grand jury. The record is silent as to any participation in the prosecution by the proper prosecuting officer, or any attempt by him to prosecute appellee for the offense charged by the complaint in that proceeding, or in any other proceeding. Although we judicially know that the grand jury convened in El Paso County after the complaint was filed and before the amended petition in this case was filed on March 6, 1951 (the record fails to show when the original petition was filed) and before this case was tried and judgment rendered on July 9, 1951, no indictment against appellee is shown.

Under these facts and the above authorities and many authorities of like import from other jurisdictions, see Jaffe v. Stone, 18 Cal.2d 146, 114 P.2d 335, 135 A.L.R. 775; Levy's Store Inc. v. Endicott-

Johnson Corp., 272 N.Y. 155, 5 N.E.2d 74, and annotation 135 A.L.R. 784, and the reasons underlying them, it is our considered judgment that the criminal prosecution which is the basis for this suit has finally terminated in favor of appellee insofar as such termination is required to form the basis of this suit for malicious prosecution, and that appellant's point is without merit. It is accordingly overruled, and the judgment of the trial court is affirmed.

Affirmed.

PRICE, C. J., not participating.